**UNITED STATES v. RUSSELL et al.**

Circuit Court of Appeals, Fifth Circuit.
November 4, 1927.

No. 5156.

1. **Internal revenue ⬦28(2)—Where corporation's return of income and profit taxes was made in June, 1919, and deficiency declared and additional taxes assessed in March, 1924, government may sue for such taxes in January, 1925 (Revenue Act 1921, § 250 [d], being Comp. St. § 6336⅛tt; Revenue Act 1924, §§ 277 [a] [2], 278 [d], 278 [e], being 26 USCA §§ 1057, 1061, 1062, and Revenue Act 1924, § 1100 [a], being Comp. St. § 6371⅝t]).**

Where corporation's return of income and profit taxes for 1918, filed June 12, 1919, was audited, deficiency determined, and assessment of additional taxes made by Commissioner in March, 1924, suit for recovery of such taxes begun January 23, 1925, *held* not barred by limitation, notwithstanding Revenue Act 1921, § 250 (d), being Comp. St. § 6336⅛tt, since Revenue Act 1924, § 277 (a) (2), and sections 278 (d), 278 (e), being 26 USCA §§ 1057, 1061, 1062 (Comp. St. §§ 6336½zz[4], 6336½zz[5]), and section 1100 (a), of the act (Comp. St. § 6371⅝t), provided for assessment within 5 years after return was filed and collection within 6 years after assessment.

2. **Internal revenue ⬦25, 28(2)—In absence of statute, there is no limitation as to assessment of and suit for corporate income and profit taxes.**

If there were no express statute, there would be no limitation as to period within which United States could assess and sue to collect corporate income and profit taxes.

3. **Internal revenue ⬦2(3)—Congress, limiting time for assessment and collection of corporate income and profit taxes, may impose conditions on taxpayer, provide for tolling of statute, and make it retroactive.**

When statute is enacted limiting period within which United States may assess and sue to collect corporate income and profit taxes, it is within authority of Congress to impose conditions on taxpayer, provide for tolling of statute by executive action, and make it retroactive.

4. **Statutes ⬦263—Retroactive construction will not be given, unless required.**

Statute should not be given retroactive effect, unless such construction is required by explicit language or by necessary implication.

5. **Internal revenue ⬦28(2)—Statute providing for assessment of income and profit taxes, and proceeding for collection within 5 years, held not to conflict with statute giving additional 6 years after assessment (Revenue Act 1924, §§ 277[a], 278[d], being 26 USCA §§ 1057, 1061).**

Revenue Act 1924, § 277 (a), being 26 USCA § 1057 (Comp. St. § 6336½zz[4]), providing for assessment of income and profit taxes and proceeding for collection within 5 years after return is filed, *held* not to conflict with section

278(d) of the act (26 USCA § 1061; Comp. St. § 6336½zz[5]), giving additional period of 6 years for beginning of suit after assessment of tax, since provisions of section 277(a) for beginning of suit may properly be limited to cases in which no assessment has first been made.

6. **Internal revenue ⬦4—Statute limiting time for collection of income and profits taxes held retroactive (Revenue Act 1924, §§ 277(a) [2], 278(d), 278(e), being 26 USCA §§ 1057, 1061, 1062; Revenue Act 1924, § 1100[a] [Comp. St. § 6371⅝t]).**

Revenue Act 1924, §§ 277(a)[2], 278(d), being 26 USCA §§ 1057, 1061 (Comp. St. §§ 6336½zz[4], 6336½zz[5]), relative to limitation of time within which suit may be brought for collection of income and profit taxes, *held* retroactive, when considered in connection with section 278 (e) of the act (26 USCA § 1062; Comp. St. § 6336½zz[5]), and section 1100(a), being Comp. St. § 6371⅝t.

7. **Internal revenue ⬦25—Assessment of additional income and profit taxes against corporation within five years after its dissolution held valid, though its assets had been distributed (Code Ala. 1907, § 3516).**

Assessment of additional income and profit taxes against corporation after it had been dissolved and assets distributed *held* valid, under Code Ala. 1907, § 3516, providing for existence of corporation for five years after dissolution for certain purposes, since it cannot be said that its business was settled when there was possibility of additional assessment of taxes.

8. **Internal revenue ⬦25—Assessment of income and profit taxes in name of corporate taxpayer making return is sufficient, regardless of who may be liable for payment.**

Assessment of additional income and profit taxes in name of taxpayer making return is sufficient, regardless of who may ultimately be held liable for payment of taxes, and of whether taxpayer, which was corporation, had been dissolved.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit in equity by the United States against Benjamin Russell and others. Motion to dismiss the bill was sustained, and the United States appeals. Reversed and remanded.

Ralph E. Smith, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala. (Charles B. Kennamer, U. S. Atty., of Birmingham, Ala., A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and Clark T. Brown, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

W. S. Pritchard and John D. Higgins, both of Birmingham, Ala. (E. L. All, Wm. Douglas Arant, and Bradley, Baldwin, All &

White, all of Birmingham, Ala., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts, which are undisputed, are these: On June 12, 1919, the Pine Lumber Company, an Alabama corporation, filed a return of its corporate income and profit taxes for the year 1918. The return was audited, a deficiency was determined, and an assessment of additional taxes was made by the Commissioner in March, 1924. The corporation had ceased doing business in March, 1920, was dissolved on April 1, 1923, and its remaining assets were distributed to appellees, who were the sole stockholders. On January 23, 1925, the United States filed her bill against appellees to impress the assets received by them with a trust and to recover the amount of taxes assessed against the corporation, $4,681. A motion to dismiss the bill was filed, on the ground that the action was barred by limitation. This motion was sustained, and to reverse that judgment this appeal is prosecuted.

[1] Under the provisions of Revenue Act of 1921, § 250 (d), being Comp. St. § 6336⅛tt, no suit to collect taxes assessed under that or prior acts could be commenced after five years from the date the return was filed. Therefore, if this suit is to be controlled solely by the act of 1921, the action is barred. The government relies upon the provisions of the Revenue Act of 1924, which, so far as are material to this case, are as follows:

"Sec. 277 (a). Except as provided in section 278: * * *

"(2) The amount of income, excess profits, and war profits taxes imposed by * * * the Revenue Act of 1918, and by any such act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

"Sec. 278 (d). Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made."

"Sec. 278 (e). This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this act."

26 USCA §§ 1057, 1061, 1062 (Comp. St. §§ 6336⅛zz[4], 6336⅛zz[5]).

"Sec. 1100 (a). The following parts of the Revenue Act of 1921 are repealed: * * * Title II (called 'Income Tax'), as of January 1, 1924." Comp. St. § 6371⅝t.

[2-6] It is argued on behalf of appellees that the act of 1924 should not be given a retroactive effect. Of course, if there were not an express statute, there would be no limitation as to the period within which the United States could assess and sue to collect taxes. When such a statute is enacted, it is within the authority of Congress to impose conditions on the taxpayer, provide for the tolling of the statute by executive action, and make it retroactive.

It is well settled that a statute should not be given retroactive effect, unless such construction is required by explicit language or by necessary implication. There is an apparent conflict between sections 277 (a) and 278 (d) of the act of 1924. Section 277 (a) provides that the assessment must be made, and a proceeding in court for the collection of the taxes must be begun, within five years after the return is filed, while section 278 (d) gives an additional period of six years for the beginning of suit after the assessment of the tax. It is conceded that suit may be filed for the collection of a tax without first making an assessment, and this is recognized by section 278 (d). If the provision of section 277 is limited to those cases in which no assessment has first been made, the apparent ambiguity disappears.

In providing that the period of limitation of section 250 (d) of the act of 1921 should apply to that and all prior acts, Congress expressly adopted the policy of making such statutes of limitation retroactive. Section 277 (a) (2) is clearly retroactive, as it applies to the assessment and collection of taxes under prior acts. Considering the provisions of section 278 (e) that the said section shall not authorize the assessment of a tax, or its collection by distraint, or by a proceeding in court, if such assessment, distraint, or proceeding was barred by the period of limitation then in existence, in connection with the expressed repeal of section 250 (d) of the act of 1921, which is included in title

2 of that act, the conclusion is easily reached that the limitations of sections 277 (a) and 278 (d) of the act of 1924 were intended to apply to all other cases, and the necessary implication is that the act is retroactive.

It is apparent that this case does not come within the exceptions of section 278 (e). The Revenue Act of 1924 was adopted June 2 of that year, at which time the assessment of the tax here in suit had been timely made and there were still ten days in which to file suit to collect, so that neither was barred under the provisions of the act of 1921. It follows that, as the assessment was made within five years after the return, the government had six years thereafter within which to bring suit, which it did within one year. The action was not barred by limitation.

[7] Appellees further contend that in this case there was in fact no assessment, as it was made against the corporation after it had been dissolved and its assets distributed. Under the law of Alabama (section 3516 of the Code of 1907, in effect when the corporation was dissolved), a corporation continues to exist for five years after dissolution for the purpose of prosecuting or defending suits, settling its business, and disposing of its property, and the directors are made trustees, with full power to settle its affairs. It is argued, however, that in this case the business had been entirely settled, the assets had been distributed, and the trustees were discharged, so that neither the corporation nor the trustees under the law had legal existence at the time the assessment was made. We do not agree with this contention. It cannot be said that its business was settled when there was still a possibility of an additional assessment of taxes against the corporation by the United States, notwithstanding all of its assets had been distributed to the stockholders and there was no other business to be transacted. [8] Furthermore, the assessment of taxes under the revenue laws of the United States is a step in the administration of the law and a determination by the Commissioner that the person filing a return actually owed the tax at the time the return was filed. It would be unreasonable to require the Commissioner to inquire in each case whether the taxpayer was still in existence, be he an individual or a corporation, and an assessment in the name of the taxpayer making the return is sufficient, regardless of who may ultimately be held liable for the payment of taxes.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed.