WEST VIRGINIA RAIL CO. v. JEWETT BIGELOW & BROOKS COAL CO. et al.

District Court, E. D. Kentucky. February 23, 1928.

**1. Receivers ⬳150—United States, asserting claim for taxes in receivership, held required to produce alleged waiver and evidence as to time of return and assessment.**

Where receivers assert that claim of United States for taxes are barred, and United States claimed that it is covered by a waiver, and that return was filed and assessment made on certain dates, court will not pass upon claim until alleged waiver and evidence as to return and assessment are produced as sought by receivers.

**2. Internal revenue ⬳28(2)—Assessment having been made within five years after filing returns, United States had six years in which to enforce collection (Revenue Act 1924, §§ 277(a) (2), 278 (d); 26 USCA, §§ 1057(a) (2), 1061(d).**

Where assessment of taxes was duly made within five years after filing of the returns, *held* that, under Revenue Act 1924, §§ 277 (a) (2), 278 (d), 26 USCA, §§ 1057 (a) (2), 1061(d), Comp. St. 6336⅛zz(4) (a) (2), (5) (d), United States had six years in which to enforce their collection.

**3. Internal revenue ⬳36—Refunder to corporation which had included all subsidiaries in its tax return and allocated to subsidiaries in proportion to their contribution.**

Where corporation owning all capital stock and operating properties of subsidiary corporations overpaid United States, and had included all subsidiaries in its return, *held* that refunder should be allocated to subsidiaries in proportions, respectively, which they contributed thereto, and United States did not have right to apply refunder on liability of one of subsidiaries against which it had largest claim and which had the least assets.

**4. Corporations ⬳378—Corporation accepting responsibility for indebtedness of subsidiaries held not liable to United States under contract between subsidiary corporation and Emergency Fleet Corporation.**

That corporation adopted resolution to effect that it would be responsible for all indebtedness contracted by its subsidiary companies, which resolution was approved by stockholders, *held* not sufficient to render corporation liable to the Shipping Board Emergency Fleet Corporation or to the United States under contract between Fleet Corporation and subsidiary corporation of defendant, nor did it give United States any claim against assets of separate subsidiary companies.

**5. United States ⬳52½—Indebtedness arising out of contract of Emergency Fleet Corporation in performance of its authorized business held not one to United States entitled to priority (31 USCA, § 191).**

If United States Shipping Shipping Board Emergency Fleet Corporation, in making contract with another corporation, did not act as agent of President in exercise of powers conferred on him by Act of June 15, 1917 (40 Stat. 182), but made contract in performance of business which it was authorized to transact, indebtedness arising from such contract is not one to the United States, which is entitled to priority under Rev. St. § 3466 (31 USCA, § 191).

**6. Corporations ⬳565(1)—Assets of one subsidiary corporation in receivership are not liable for compensation award against another subsidiary.**

Assets of one subsidiary corporation in receivership are not liable for a workman's compensation award against another subsidiary.

**7. Receivers ⬳152—Compensation awards held entitled to priority in receivership, subject to claim of United States and expenses of suit (Ky. St. § 4912).**

Under Ky. St. § 4912, in receivership proceedings, workmen's compensation awards are entitled to priority, subject to the claim of the United States and the expenses of the receivership proceedings.

In Equity. Suit by the West Virginia Rail Company against the Jewett Bigelow & Brooks Coal Company and others, wherein receivers were appointed for defendants and certain claims filed. Decree in accordance with opinion.

Jos. S. Graydon, of Cincinnati, Ohio, for plaintiff.

J. R. Schindel, of Cincinnati, Ohio, for defendants.

ANDREW M. J. COCHRAN, District Judge. This suit is before me on several matters:

First. The claim of the United States for taxes:

(1) The United States concedes that the 1917 taxes are barred. The claim for these taxes, therefore, is disallowed.

(2) The receiver concedes that the 1920 taxes are not barred. The claim for these taxes, therefore, is allowed.

(3) This leaves for determination the claims for 1918 and 1919 taxes. The claims for 1918 taxes are as follows: Jewett-Bigelow & Brooks, $69,393.33; Harlan-Fox Coal Company, $3,921.27.

[1] The United States claims that the Jewett-Bigelow & Brooks claim is covered by a waiver. The receivers insist that the waiver should be produced. As to the Harlan-Fox Coal Company, the United States claims that the return was filed June 17, 1919, and the assessment was made March 12, 1924. The receivers insist that evidence of this should be produced. I think the position of the receivers in these two particulars is sound, and action is withheld until the waiver and evidence referred to are produced.

The claims for 1919 taxes are as follows:

Jewett-Bigelow & Brooks, $1,931.10; J. B. Stores Company, $701.90.

[2] The United States claims that these taxes were assessed March 5, 1925. I do not understand that the receivers question this. Indeed they concede that these two assessments were made on that date, and state that proofs of those claims were filed with them March 14, 1925. Their position is that the filing of the claims with them was not the beginning of a proceeding to collect the taxes, and, as nothing else had been done by the United States, and more than five years has elapsed since the filing of the returns, the claims are barred. The United States contends that the filing of the claims with the receivers was the beginning of a proceeding for the collection of the claims, but, whether so or not, the assessment having been duly made within five years after the filing of the returns, the United States under section 278 (d) of the Act of 1924 (26 USCA § 1061 (d); Comp. St. § 6336⅛zz (5) (d) had six years in which to enforce their collection. That such is the case was held in United States v. Russell (C. C. A.) 22 F.(2d) 249, and I think this decision sound. The words "without assessment" in the Act of 1926 (26 USCA § 105) make explicit what was implicit in section 277 (a) (2) of the Act of 1924 (26 USCA § 1057 (a) (2); Comp. St. § 6336⅛zz (4) (a) (2). Otherwise we have this result: An assessment could be validly made on the very last moment of the five-year period, but no suit or proceeding for its collection could be brought because the making of the assessment had used up all of that period which was left when it was made. It could only be begun after the expiration of the five-year period. Section 278d provides that, "where the assessment of the tax is made within the period prescribed in section 277," it may be collected within six years after the assessment. This includes the assessment of a tax for year 1918, covered by section 277 (a) (2). And treating the provision as to beginning suit or proceeding to collect such tax having implicit in it the words "without assessment" brings the two provisions into harmony.

This relieves me of the necessity of determining whether the filing of the claims with the receivers was a beginning of a proceeding within the five years.

[3] (4) *Allocation of the Refunder.*—The defendant Jewett-Bigelow & Brooks Company, which owned all the capital stock of the other defendant companies, and operated their properties, overpaid the United States, according to the determination of the assessing authorities, for the year 1920, the sum of $65,396.25, and it is entitled to have this with interest refunded to it. It had included all its subsidiaries in its return for 1920. The United States has determined that each subsidiary should have made its own return, and has made assessments accordingly. It is these separate assessments which are asserted here. It claims the right to apply this refunder on the liability of one of the subsidiaries, to wit, Jewett-Bigelow & Brooks, against which it has the largest claim, and which has the least assets. I do not think that this position is sound. The refunder should be allocated to the subsidiaries in the proportions respectively which they contributed thereto. The result of so doing is set forth in the report of the receivers filed herein on November 10, 1927, and the apportionment there made is approved.

[4, 5] Second. The claim of the United States for priority to the extent of $13,910.17 arising under a contract between the United States Shipping Board Emergency Fleet Corporation and the Antillean Coal & Shipping Company: This claim is not in the papers before me. The objection of the receivers states that it was filed March 31, 1925, but I cannot find it. This prevents my finally passing on this claim on this hearing. I gather from the receivers' objection that the sole basis of the claim is that on July 2, 1920, the board of directors of the defendant Jewett-Bigelow & Brooks Coal Company adopted a resolution to the effect that it would be responsible for all indebtedness contracted in the due and usual course of business by its subsidiary companies, including the Antillean Coal & Shipping Company, and on July 18, 1921, the stockholders of that defendant approved that resolution, and that on February 11, 1921, it delivered copies of these resolutions to R. G. Dun & Co. and Bradstreet Company, of which the United States was a subscriber. I am unable to make out that these facts are sufficient to render that defendant liable to the Fleet Corporation, much less to the United States, or that by reason of its liability the United States would have any claim against the assets of the separate subsidiary companies. As to whether such liability as there may be is to the United States, it seems to me it depends on the question whether in making the contract the Fleet Corporation acted as the agent of the President in the exercise of the powers conferred on him by the Act of June 15, 1917 (40 Stat. 182). If it did not so act, but made the contract in the performance of business which it was authorized

to transact, then the indebtedness is not one to the United States which is entitled to priority under section 3466, United States Revised Statutes (31 USCA § 191).

If it is desired that I finally determine the question, the papers will have to be furnished to me, and counsel may submit such briefs as they desire.

Third. Workmen's compensation awards: [6] (1) No subsidiary's assets are liable for an award against another subsidiary. Each subsidiary is liable for awards against it and none other.

(2) There is no lien on the $25,000 save to the extent of Morgan's liability. If Morgan is liable to any extent, he is entitled to be reimbursed out of the fund; otherwise the fund constitutes a part of the general assets of the defendant Jewett-Bigelow & Brooks Coal Company, if it put the money up, which I take to have been the case. It was pledged with Morgan to secure him against liability on his bond, which was only for one year.

[7] (3) The compensation awards are entitled to priority under section 4912, Kentucky Statutes, subject to the claim of the United States and the expenses of this suit.

(4) A number of the awards are against J. B. Elkhorn Company. No attorney seems to represent them. In the decree to be prepared, their rights, so far as they have any, should be protected.