**BANK OF COMMERCE v. ROSE, Collector of Internal Revenue.**

District Court, N. D. Georgia, Atlanta Division. May 15, 1928.

No. 1034.

**I. Internal revenue ⬳25—Assessment of income tax, made within limitation period, is sufficient, though notice be somewhat delayed (Revenue Act 1924, §§ 274(a), 277(2), Comp. St. §§ 6336⅛zz(1) (a), 6336⅛zz(4) (2).**

Notice of assessment of income tax required by Revenue Act 1924, § 274(a), Comp. St. § 6336⅛zz(1) (a), is not a part of the assessment itself, and assessment made within time is sufficient so far as limitation against government under section 277(2), Comp. St. § 6336⅛zz(4) (2) is concerned, though notice thereof be somewhat delayed.

**2. Internal revenue ⬳38(8)—Recovery of income taxes for 1918 held not barred, where assessment was made within five years after filing return, though notice thereof was subsequently mailed (Revenue Act 1918 [40 Stat. 1057]; Revenue Act 1924, §§ 274(a), 277(2), Comp. St. §§ 6336⅛zz(1) (a), 6336⅛zz(4) (2).**

Recovery of income taxes assessed for calendar year 1918, as to which return was made not earlier than April 19, 1919, *held* not barred under Revenue Act 1918 (40 Stat. 1057), Revenue Act 1924, § 277(2), Comp. St. § 6336⅛zz(4) (2), where assessment was made within five-year limitation period prescribed by 1924 act, though notice of assessment required by Revenue Act of 1924, section 274(a), Comp. St. § 6336⅛zz(1) (a), was subsequently mailed; assessment being governed by limitation period prescribed by 1924 act.

**3. Internal revenue ⬳25—Taxpayer's consent to assessment for 1918 income taxes during year after expiration of limitation period held not limitation on government's right to make assessment (Revenue Act 1921, § 250d, Comp. St. § 6336⅛tt(d); Revenue Act 1924, § 277 (2), Comp. St. § 6336⅛zz(4) (2).**

Written consent of taxpayer waiving period of limitation on collection of income taxes

for period of one year, under Revenue Act 1921, § 250(d), Comp. St. § 6336⅛tt(d), held not to constitute limitation on government's authority to make assessment for delinquent 1918 taxes, or to prevent application of full limitation period prescribed by Revenue Act 1924, § 277(2), Comp. St. § 6336⅙zz(4) (2), since Commissioner has no authority to bind government as to limitations, and limitation acts are acts of grace which may be modified by Congress.

At Law. Action by the Bank of Commerce against Josiah T. Rose, Collector of Internal Revenue. Judgment for defendant.

Bradley Hogg, of Americus, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

SIBLEY, District Judge. The suit is to recover money paid under compulsion on September 16, 1925, as income taxes assessed for the calendar year 1918, upon the ground that the claim therefor was barred by limitation. The tax return was sworn to before a Sumpter county notary public, 200 miles from the collector's office, on April 19, 1919, and receipt of the accompanying taxes was acknowledged thereon by the collector on April 23, 1919; the latter date being probably the actual date of filing with the collector. On February 23, 1924, pursuant to the provisions of section 250(d) of the Revenue Act of 1921, Comp. St. § 6336⅛tt(d), then of force, the taxpayer consented in writing "to a determination assessment and collection of the amount" of taxes due, notwithstanding the impending limitation of five years after the date that the return was filed, fixed by the other section. The consent provided: "This waiver is to be in effect from the date it is signed by the taxpayer, and will remain in effect for a period of one year after the expiration of the statutory period of limitation." On June 2, 1924, the Revenue Act of 1924 (43 Stat. 253) became of force, section 277(2), Comp. St. § 6336⅙zz(4) (2), of which changed the applicable law so that assessment only was required to be within five years after the return was filed; an additional period being allowed by subsection (d) to enforce an assessment made in time. These provisions were retroactive and expressly applied to taxes due under the Revenue Act of 1918 (40 Stat. 1057), if not already barred. United States v. Russell (C. C. A.) 22 F.(2d) 249; In re McClure Co. (D. C.) 21 F.(2d) 538. An assessment was made April 18, 1925, of which notice was mailed the taxpayer on April 22, 1925. The question is whether the tax claimed was barred on September 16, 1925, when the collection was enforced.

[1, 2] The notice of assessment required by section 274(a) of the Revenue Act of 1924, Comp. St. § 6336⅙zz(1) (a), affects the time within which the taxpayer must pursue his remedies, but is not a part of the assessment itself. So far as limitation against the government is concerned, the assessment made within the limit of time is sufficient, though the notice thereof be (not unreasonably) delayed. The assessment on April 18, 1925, was therefore in time, though the return be considered as filed on April 19, 1919, the date of its execution in Sumpter county.

[3] The Revenue Act of 1924 became of force before the assessment was made, and its enforcement was covered by that law. Such was the holding in United States v. Crook et al. (C. C. A.) 18 F.(2d) 449. But it is now urged that the written consent executed before the passage of the Revenue Act of 1924 was a sort of contractual limitation affecting both the assessment and collection of the tax and limiting both to one year after April 19, 1924. Such a construction cannot be given to the paper. No authority has been vested by law in the Commissioner or Collector of Internal Revenue to bind the government as to limitations, but only an authority to accept the consent or waiver on the part of the taxpayer respecting the limitations that Congress had fixed. On the expiration of the consent, action of the tax officers, if barred, would be barred by virtue of the law and not by force of the contract of waiver. Notwithstanding the waiver, Congress had full power to modify the limitation laws or to repeal them altogether. The taxpayer has no vested right not to pay his taxes because of limitations. The acts of limitation are of grace only. I see nothing in the waiver agreement to prevent application of the act of 1924. The collection was therefore lawfully made.

Judgment may be entered for the defendant.