## NORTHWESTERN BARB WIRE CO. v. UNITED STATES.

### No. K–183.

Court of Claims.

June 2, 1930.

The plaintiff in this case contests the validity of an additional assessment of income and profits taxes for the year 1917. The return was made March 30, 1918. The additional assessment was made November, 1922, and the collection made May 13, 1927.

After assessment was made, three separate waivers were executed and signed by the plaintiff and the commissioner, extending from time to time the period within which the determination, assessment, and collection of plaintiff's 1917 income and profits taxes might be made; the last waiver expiring April 1, 1926, subsequent to the enactment of the Revenue Act of 1926. The validity of the waivers is conceded. The taxes were collected after the expiration of the last waiver but within six years after the assessment was made. The question at issue is the authority of the commissioner to make the collection under the facts stated.

The case having been heard by the Court of Claims, the court, upon a stipulation of facts, and the evidence, makes the following special findings of fact:

1. Plaintiff is a corporation organized under the laws of the state of Illinois, and has its principal office and place of business at Sterling, Ill.

2. Plaintiff has at all times borne true allegiance to the United States, and has not in any way voluntarily aided, abetted, or given encouragement to rebellion against the United States. Plaintiff is a citizen of the United States and sole owner of the claim hereinafter stated, and no part of said claim has been sold or assigned or satisfied.

3. Plaintiff on March 30, 1918, filed with the collector of internal revenue at Chicago, Ill., its return of income and profits taxes for the calendar year 1917 and duly paid the tax shown thereon.

4. On October 19, 1922, the Commissioner of Internal Revenue, having examined claimant's said return, determined additional taxes on 1917 to be due in the sum of $7,481.-37. He assessed said amount on the November, 1922, assessment list.

5. On February 1, 1923, the plaintiff and the commissioner entered into an agreement in writing under the provisions of section 250 (d) of the Revenue Act of 1921 (42 Stat. 265), whereby the period within which a determination, assessment, and collection of plaintiff's income and profits taxes for the year 1917 was indefinitely extended.

6. On April 11, 1923, the Commissioner of Internal Revenue promulgated Mim. 3083 (published in Cumulative Bulletin II–1, p. 174) reading as follows:

"Treasury Department,

"Office of Commissioner of Internal Revenue, "Washington, D. C., April 11, 1923.

"Unlimited waivers for 1917 income taxes held to expire April 1, 1924.

"To collectors of internal revenue, internal revenue agents in charge, and others concerned:

"The form of waiver now in use extends the time in which assessments of 1917 income and excess profits taxes may be made to one year from the date of signing by the taxpay-

er. Inasmuch as there are many waivers on file signed by taxpayers containing no limitation as to time in which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924.

"D. H. Blair, Commissioner."

7. Thereafter on January 9, 1924, the plaintiff and the commissioner entered into another agreement in writing, whereby it was agreed that the period within which a determination, assessment, and collection of plaintiff's 1917 income and profits taxes might be made was extended for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation was extended by any waivers already on file with the bureau, within which the assessment of taxes may be made for the year or years mentioned.

On November 22, 1924, the plaintiff and the commissioner entered into another agreement in writing, whereby it was agreed that the period within which a determination, assessment, and collection of plaintiff's 1917 income and profits taxes might be made was extended for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by section 277 (b) of the Revenue Act of 1924 (26 USCA § 1057 note), or by any waivers already on file with the bureau.

8. The collector of internal revenue at Chicago, Ill., having threatened to issue distraint warrants to enforce collection of said additional taxes, the plaintiff on May 13, 1927, under protest paid to said collector the sum of $9,530.37, representing taxes of $7,481.37 for 1917 and interest thereon of $2,049.

9. Thereafter on September 28, 1927, plaintiff filed with the collector of internal revenue its claim for refund of said additional taxes and interest on the ground that that sum was illegally collected because said collection was made more than five years from the date of filing plaintiff's return and subsequent to the expiration of the period or any extension of said period agreed upon by the commissioner and the taxpayer.

10. The Commissioner of Internal Revenue rejected said claim of refund on September 28, 1928.

11. No suit or other proceeding for the collection of the amount here involved was begun within five years from the filing of plaintiff's tax return for 1917, or within the period fixed by the waivers herein referred to.

Benjamin B. Pettus, of Washington, D. C. (Colladay, Clifford & Pettus, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

WILLIAMS, Judge.

This is a suit to recover $7,481.37, additional tax paid for 1917, together with interest thereon of $2,049, making a total of $9,530.37, together with interest from May 13, 1927, the date of payment.

Plaintiff claims that the amount was collected after it was barred by the statute of limitation as extended by certain written consents between it and the Commissioner of Internal Revenue.

Plaintiff's return for the calendar year 1917 was filed March 30, 1918. The five-year period for assessment and collection of any tax for 1917 would have expired on March 30, 1923, but on February 1, 1923, plaintiff and the commissioner entered into a consent in writing extending the period of limitation for assessment and collection of the tax for 1917. Other consents were executed, the last one of which extended the period of limitation for determination, assessment, and collection for 1917 to April 1, 1926. The assessment of the additional tax in controversy was made in November, 1922, but collection was not made until May 13, 1927, nearly fourteen months after the expiration of the period provided in the written consents. The collection, however, was made within six years after the date of the assessment in November, 1922. Plaintiff insists that the waiver was a binding contract which was not modified in any way by the provisions of the Revenue Act of 1926 (44 Stat. 9), and that the commissioner was therefore compelled to make collection on or before April 1, 1926, in order for the same to be legal.

The defendant contends that assessment of the tax having been timely made and the statutory period, as extended by the waiver, not having expired upon the passage of the Revenue Act of 1926, the commissioner was authorized by that act to make collection at any time within the six years after the assessment.

But for the fact that the assessment in this case was made prior to the enactment of

the Revenue Acts of 1924 and 1926, the question of limitation before the court in Florsheim Brothers Drygoods Company, Ltd., v. United States and White v. Hood Rubber Company, 280 U. S. 453, 50 S. Ct. 215, 219, 74 L. Ed. 542, decided February 24, 1930, would be identical. But, in view of the provisions of section 278 (d) of the Revenue Act of 1926 (26 USCA § 1061 note), that where the assessment of any income or profits tax has been made, whether before or after the enactment of that act, such tax may be collected within six years after the assessment of the tax or prior to the expiration of time for any collection agreed upon in writing by the commissioner and the taxpaper, we think it is clear that collection on May 13, 1927, was proper. In Florsheim Brothers Drygoods Co., Ltd., supra, the court said:

"The Government contends that the 'Income and Profits Tax Waivers' executed by the corporations were waivers by them of the statutory period for another year; that while these waivers were still in force and while the corporations' liability was thus still alive, the Revenue Acts of 1924 and 1926 were passed, increasing the period for collection to six years after assessment; that these acts are applicable to the cases at bar; and that, since the collections were made within six years after the assessments, they were timely made. The corporations insist that the 'waivers' were not merely waivers extending the statutory period, but were binding contracts which limited the time in which the Commissioner could assess and collect the taxes; and that no change in the law made after the date of the contracts and enlarging the time for collection can affect their rights. They urge that the 1924 and 1926 acts did not purport to extend the periods thus limited by contract; and that, if construed as extending such periods, the provisions of these acts are unconstitutional. They concede that, in the absence of contract, a Legislature may constitutionally lengthen or shorten the period in which a right may be enforced by legal proceedings.

"We are of opinion that the contention of the Government must prevail. The waivers executed by the parties were not contracts binding the Commissioner not to make the assessments and collections after the periods specified. At the time when the waivers were executed, the Commissioner was without power under the statute to assess or collect the taxes after the statutory period, as extended by the waivers. A promise by the Commissioner not to do what by the statute he was precluded from doing, would have been of no significance. The waivers do not purport to contain such a promise. Bank of Commerce v. Rose (D. C.) 26 F.(2d) 365, 366; Greylock Mills v. Commissioner (C. C. A.) 31 F.(2d) 655, 657. And obviously, the Commissioner did not undertake to limit the power of Congress to extend the period of limitations, as consideration for the waivers. The instruments were nothing more than what they were termed on their face—waivers; and that was all to which the Commissioner was authorized to consent."

In view of the provisions of section 278 (d) of the Revenue Act of 1926 making the provision with reference to the right of the government to collect a tax timely assessed within six years after the date of assessment, even though such assessment was made before the enactment of that act, it is clear that the plaintiff is not entitled to recover. In fact, plaintiff makes no claim that it is entitled to recover because the assessment was made prior to the enactment of the Revenue Act of 1926, but its claim is based entirely upon the fact that the commissioner was bound to collect within the period specified in the waiver. This question is entirely disposed of adversely to plaintiff's contention by the Florsheim and Hood Cases.

Plaintiff is not entitled to recover, and the petition is dismissed.

It is so ordered.