**PRATT & LETCHWORTH CO. v. UNITED STATES.**

No. 655.

District Court, W. D. New York.
Sept. 15, 1932.

On Reargument, Oct. 13, 1932.

Albrecht, Maguire & Mills (by Edward N. Mills), and James Heffern, all of Buffalo, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., and Harold B. Ehrlich, Asst. U. S. Atty., both of Buffalo, N. Y. (Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

KNIGHT, District Judge.

Plaintiff sues to recover $11,048.70 on account of the alleged overpayment of its income and excess profits tax. On March 11, 1921, plaintiff filed its income and excess profits tax return for the year 1920, disclosing a tax liability of $102,517.20. The certificate of liability, including such tax, was signed by the Commissioner of Internal Revenue on May 27, 1921. Such tax was paid in full by plaintiff. Payments to apply were made on different dates.

On May 19, 1927, final payment of $9,093.58 principal, and $1,955.12 interest, together aggregating $11,048.70, was made. Accompanying this payment was a notice that it was made "under protest and under duress of the distraint and seizure of property" upon the ground that "(1) The amount of tax for which its property had been levied upon and seized is not due but has been fully paid and settled. (2) More than five years have elapsed since the filing of the income and profits tax return of Pratt & Letchworth Company for the year 1920 and no suit or proceedings for the collection of any such tax may lawfully be begun after the expiration of five years after the date when such return was filed." On January 26, 1931, plaintiff filed its claim for a refund of the aforesaid $11,048.70, claiming that it was paid "under protest and under duress of a warrant of distraint more than *six years* after assessment was made by the Commissioner of Internal Revenue." (My italics.)

The Revenue Act of 1926, § 278 (d), 44 Stat. 59 (26 USCA § 1061 and note), provides that: "Where the assessment of any income, excess-profits, or war-profits tax imposed by this title * * * (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court * * *, but only if begun (1) within six years *after the assessment of the tax.* * * * " (My italics.)

Under the Revenue Act of 1921, chapter 136, title 2, Income Tax, 42 Stat. 227, 265, § 250 (d), suit or proceeding to collect the tax in question was required to be begun within five years after the date *when the return was filed.* The Revenue Act of 1924, § 278 (d),

26 USCA § 1061 note, extended such period of limitation to *six years after* the assessment, but it was held in Russell v. U. S., 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, that this act did not extend the time where the assessment had been made prior to June 2, 1924. It will be noted that the act of 1926 is expressly made applicable to assessments made before the enactment of the act. It would appear that the amendment in this respect was made because of the decision in Russell v. U. S., supra. The statute of limitations did not run until May 27, 1927, and final payment of the tax was made prior to that date. Florsheim Bros. Drygoods Co., Ltd. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542; Russell v. U. S., supra; Northwestern Barb Wire Co. v. U. S. (Ct. Cl.) 42 F.(2d) 579.

■ It will be noted that by section 250 (d) of the Revenue Act of 1921 the statute makes the *date of filing* the return the date when the statute of limitations begins to run, and that in both the act of 1924 and 1926, the statute begins to run *from the date of the assessment.* Plaintiff's claim for refund, as noted, alleges payment of the tax more than six years after the assessment, and it does not seem to question the effect of the retroactive provision of the act of 1926. Such retroactive provision is constitutional. Bessemer C. & C. Co. v. Heiner (D. C.) 39 F.(2d)) 492; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483.

■ Some confusion arises in the case by reason of the imposition of a deficiency tax for 1920. The Bureau of Internal Revenue fixed such deficiency tax at $92,760.96. On appeal to the Board of Tax Appeals (see U. S. Board of Tax Appeals, vol. 7, p. 492), the basis of assessment was modified, and following the decision, the deficiency tax was subsequently fixed at $61,646.85. This tax, with interest of $9,242.80, was paid by plaintiff. In arriving at the deficiency tax, among the credits for overpayment were amounts of $9,455.46 and $1,853.67. While these amounts approximate the amount paid on May 19, 1927, it does not appear that it is a deduction of the particular tax for which $11,048.70 was paid. It makes no difference whether these represent the same items, and plaintiff, having been allowed these amounts in the computation of the deficiency tax, would be entitled to no refund on account of them. The total tax paid by plaintiff for the year 1920 was $146,765.81. That amount was arrived at after allowing overpayments aggregating $28,609.20 and deducting from a total of $175,375.01.

It thus appears that the correct amount of the tax has been paid and plaintiff is now entitled to no refund.

I accordingly find and decide:

1. That the aforesaid tax of $11,048.70 was collected within six years from the date that such tax was assessed.

2. That the plaintiff is entitled to no refund on account of the payment of the aforesaid sum of $11,048.70.

3. That the complaint be dismissed, with costs.

## On Reargument.

The request for the reopening of this case to permit plaintiff to file a brief was granted. After reconsideration of the questions involved, I find no reason to change the opinion heretofore rendered.

■ The tax in question was collected within the statutory limitation period of six years. Plaintiff filed its claim for a refund on the sole ground that the statute of limitations had run when the warrant of distraint was served. Plaintiff's right to maintain this action is dependent upon the filing of a "claim for refund * * * according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof. * * * " Section 1113 (a), Revenue Act 1926 (26 USCA § 156). Treasury Decision 4265 specifies the form of the claim. In the eighth paragraph of the petition herein plaintiff sets forth the filing of his claim for refund upon the ground above stated. It appearing that the tax in question was collected within the time fixed by law, a petition based on a claim for "refund" of such tax can not be sustained.

Petitioner asserts that the claim for refund was amended to include a claim on account of an erroneous assessment, and that such amendment was accepted and considered by the Commissioner of Internal Revenue. Under Treasury Decision 4265, the letter, which petitioner claims is in effect an amended claim, is wholly insufficient. It neither meets the particulars required to be set forth by the Treasury Decision nor was it under oath as required. I find nothing in the record to sustain petitioner's contention that the amended claim was accepted and considered.

Assuming, however, that the petitioner could bring an action to recover moneys paid on account of an erroneous assessment, such action could not be sustained upon the facts

disclosed in this record. When this tax was collected under duress of a warrant of distraint, proceedings were pending to compel the petitioner to pay an additional income tax for 1920. That proceeding in no way involved the question of the validity of the tax controverted here. Following the decision of the Board of Tax Appeals, the commissioner deducted from the additional tax, for which petitioner was liable for 1920, the overpayment for 1918. Such overpayment is the amount which it is claimed the commissioner had theretofore allowed in reduction of the 1920 tax. The final result has been that petitioner has paid only the tax which he was liable to pay. The order of payment should not be used as a means to defeat the tax liability. If it is said that the collector was not authorized to issue the warrant, petitioner was in no wise harmed by it. The reasoning in Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. 293, is in point here. See, also, Champ Spring Co. v. U. S. (C. C. A.) 47 F.(2d) 1; New York Life Insurance Co. v. Anderson, Collector (C. C. A.) 263 F. 527.

I find nothing in the cases cited by the plaintiff which authorizes any different conclusion. With the statement in Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253, the statutes and regulations of the Treasury Department with respect to claims for refund were devised not as traps for the unwary, no one could fail to be in accord. With the declaration in Grays Harbor Motorship Corp. v. U. S. (Ct. Cl.) 45 F.(2d) 259, 281, that compliance with statutory requirements with regard to filing claims for refund is a condition precedent to the right to maintain suit therefor and that the claim itself must specifically state the ground upon which a refund is asked, there certainly could be no disagreement. Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, is authority for the proposition that the word "proceeding," as used in section 250 (d), Revenue Act 1921, refers to proceedings out of, as well as in, court, and means more than "suit." Peerless Woolen Mills v. Rose (C. C. A.) 28 F.(2d) 661, is an authority that in proceedings to determine deficiency assessments the Board of Tax Appeals has power to fix the amount of an overpayment, where it found there was no deficiency. It will be seen that this holding has no application here. In Troy Motor Sales Co. v. Commissioner of Internal Revenue, 14 B. T. A. 546, the questions of the statute of limitations, the power of the Board of Tax Appeals to determine whether collection was barred, and the liability for the payment of certain taxes under various provisions of the statute, were involved. There is nothing in the case controlling here.

For the reasons herein and heretofore assigned, the complaint should be dismissed.