UNITED STATES v. GRISWOLD, RICH-
MOND & GLOCK CO. et al.

No. 3732.

District Court, D. Connecticut.

Dec. 2, 1937.

James W. Morris, Asst. Atty. Gen., and
Andrew D. Sharpe and J. Leonard Lyons,
Sp. Assts. to Atty. Gen., and Robert P.
Butler, U. S. Atty., and George H. Cohen,
Asst. U. S. Atty., both of Hartford, Conn.,
for the United States.

460

A. S. Bordon and Edward S. Pomeranz, both of Hartford, Conn., for defendants.

THOMAS, District Judge.

This is a suit by the government to collect from a corporate taxpayer and its surety the obligation on a bond given to the plaintiff by the defendants under the authority of section 274(k) of the Revenue Act of 1926 (44 Stat. 55), as a condition to the granting of an extension of time within which to pay a deficiency in tax and interest due by the defendant taxpayer for the calendar year 1920. The bond in suit was given in place of a previous bond, for a further extension of time, which was definitely fixed at one year from October 7, 1931, expiring October 7, 1932. The bond recited that the amount thereof was "sufficient to cover the deficiency in tax plus penalty and interest." The deficiency was $2,512.10, and the interest thereon, as calculated by the government, as of October 7, 1930, was $913.42, a total of $3,425.52, all of which drew interest at 6 per cent. per annum from that date. On October 7, 1931, the date of expiration of the extension for which the first bond was given, the principal paid interest in the sum of $205.53, which was 6 per cent. of $3,425.52, so that the amount of the liability of the principal remained the same at the inception of the second bond as at the inception of the first. The bond provided specifically that it must be paid on or before October 7, 1932. It cited the statutory provision to the effect that the Commissioner might grant an extension not in excess of eighteen months, and a second extension not in excess of twelve months. Both the principal and the surety defendants knew that the bond sued on was for the second statutory extension, and that no authority existed for the granting of a third extension. In addition, the bond specifically provided as follows: "The terms of the extension are as follows: Payment to be made of the sum of $3,425.52 on or before October 7, 1932, plus interest at the rate of six per cent per annum from October 7, 1931."

The surety defendant relies on two defenses; first, that the principal was granted a further extension on the obligation under the bond until December 31, 1934, without the surety's knowledge or consent, and that during that period the principal became insolvent, thus depriving the surety of any possibility of reimbursement; and, secondly, that no demand was made on the surety for payment, and that the surety company is not liable for interest in excess of the amount of the bond, $3,770, less $375 which has been paid. The surety company, under the first defense, claims entire release from all liability, because of an alleged departure from the terms of the bond, which, it claims, prejudiced it by rendering reimbursement impossible, and, under its second defense, claims that, in any event, the judgment should be restricted to $3,395; that is, $3,770 less $375 previously paid.

The solution depends upon the facts with reference to the alleged third extension. I find that there was no third extension. The principal, or taxpayer, filed a so-called "collection waiver," waiving the statute of limitations on collection by distraint or by proceeding in court, until December 31, 1934. This did not operate to extend the time for payment. It merely extended the time when the statute of limitations on bringing suit by the government to collect the tax would expire. To show that the "waiver" did not extend the taxpayer's time to pay, it is necessary only to note that distraint or suit to collect the tax must have been commenced on or before December 31, 1934, if ever, which would have been impossible had the taxpayer's time to pay been extended to that date. A collection waiver is not a contract extending the taxpayer's time within which to pay. In Florsheim Bros. Co. v. United States, 280 U.S. 453, at page 466, 50 S.Ct. 215, 219, 74 L.Ed. 542, support is found for this rule as shown by opinion of Mr. Justice Brandeis. He said: "The waivers executed by the parties were not contracts binding the Commissioner not to make the assessments and collections after the periods specified. At the time when the waivers were executed, the Commissioner was without power under the statute to assess or collect the taxes after the statutory period, as extended by the waivers. A promise by the Commissioner not to do what by the statute he was precluded from doing, would have been of no significance. The waivers do not purport to contain such a promise. Bank of Commerce v. Rose [D.C.] 26 F.2d 365, 366; Greylock Mills v. Commissioner [C.C.A.] 31 F.2d 655, 657. And obviously, the Commissioner did not undertake to limit the power of Congress to extend the period of limitations as consideration for the waivers. The instruments were nothing more than

what they were termed on their face— waivers; and that was all to which the Commissioner was authorized to consent."

■ The suit on the bond is a suit on a new cause of action, namely, the promise to pay contained in the bond, and is separate and distinct from an action to collect taxes which is a right the government already had, and is governed by a different statute of limitations from that governing the collection of the tax as such. United States v. John Barth Co., 279 U.S. 370, 375, 49 S.Ct. 366, 367, 73 L.Ed. 743.

■ No demand was necessary to fix the time for payment of the obligation on the bond, since the bond itself was ultraspecific in this regard. It not only stated that payment must be made on or before October 7, 1932, but quoted the statutory provision which prohibited any further extension. It is elementary that failure to enforce payment by suit is not equivalent to extending time within which to pay. An extension precludes suit to enforce payment.

■ On October 18, 1932, the collector wrote to the surety advising that the principal had not paid, also stating the amount claimed to be due, an amount in excess of the amount agreed to be paid in the bond, and saying, inter alia: "The bond was prepared in the penal sum of $3,770.00 to cover the payment of the tax and interest outstanding at that time amounting to $3,425.52. Under the terms of the bond this last amount with interest was to be paid on or before October 7, 1932. The unpaid interest now amounts to $1,783.83. The company has signed a waiver extending the time of payment to December 31, 1934. It states that it cannot pay at this time, but hopes to pay during the year 1934. Are you willing to make arrangements to extend the bond for another two years or until October 7, 1934. If you are willing, we will submit the matter to the Commissioner and ask to have a new bond prepared."

The government is not bound by the collector's interpretation of the waiver or his expressed belief that the time of payment could be extended further. This letter sufficiently put the surety company on notice that the obligation was due and payable, and is the equivalent of a demand. Analysis of the collector's letter shows that he did not consider the collection waiver as extending the time of payment to December 31, 1934, although he unfortunately used the word waiver. He suggests extending the time to October 7, 1934, which shows that he did not consider it already extended to December 31, 1934.

The surety company made no reply to this letter, and on November 10, 1932, the collector wrote a follow-up, saying in part: "Unless some arrangement is made to extend the period of collection in this case, it will be necessary for the Commissioner of Internal Revenue to bring suit on the bond."

The waiver referred to in the collector's letter of October 18, 1932, is a tax collection waiver, dated July 26, 1932, which was received in the office of the collector on October 17, 1932, and was signed for the Commissioner by the collector on October 18, 1932.

There is no doubt that adequate demand was made. Demand was not necessary, as above shown, to fix the time of payment, but if, because the plaintiff pleaded demand, it waived its right to claim that none was needed to fix liability, as the surety company defendant contends, the fact of demand was sufficiently established.

■ I, therefore, direct that judgment be entered for the plaintiff and against the defendants, and each of them, for the sum of $3,425.52, with interest at 6 per cent. per annum from October 7, 1931, to the entry of judgment herein, less, however, the sum of $375 previously paid. Since the judgment is for a contract obligation, and not for a tax deficiency, and the tax liability, as such, is barred by limitation of time, the penalty interest provision of 1 per cent. per month, to be collected "as a part of the tax," as provided in section 274, Revenue Act of 1926 (44 Stat. 55), has no application. In this regard, the terms of the bond control, and they do not provide for the payment of interest at 1 per cent. per month, but specify that interest is to be paid at the rate of 6 per cent. per annum from October 7, 1931, on the sum of $3,425.52. Counsel will compute the amount in dollars and submit a judgment file in accordance herewith properly consented to as to form. The facts found and conclusions of law reached are sufficiently stated in the opinion.