## PEERLESS WOOLEN MILLS v. ROSE, Collector of Internal Revenue.

Circuit Court of Appeals, Fifth Circuit.
October 31, 1928.

No. 5256.

Robert C. Alston, of Atlanta, Ga., and J. Robert Sherrod, of Washington, D. C. (A. W. Taber, of Chattanooga, Tenn., Miller & Chevalier, of Louisville, Ky., and Alston, Alston, Foster & Moise, of Atlanta, Ga., on the brief), for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., William E. Davis, Sp. Atty. Bureau Internal Revenue, of Washington, D. C. (Clint W. Hager, U. S. Atty., of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This suit was brought by appellant to enjoin appellee, as collector of internal revenue, from proceeding to sell some of its property which he had levied upon under a warrant of distraint against it to enforce collection of income and excess profit taxes for the fiscal year ending June 30, 1919.

On September 15, 1919, appellant filed a return under section 301 of the Revenue Act of 1918 (40 Stat. 1089), showing a tax liability of $116,630.58, but attached to this return a letter claiming that the tax should be calculated under sections 327 and 328 of that act, in order that it might receive the benefit of the average tax of other representative corporations engaged in a similar business. One-half of the tax shown on the return was promptly paid, but appellant refused to pay more, contending it had paid as much as was due under sections 327 and 328. On October 30, 1919, the Commissioner of Internal Revenue assessed the tax at the full amount shown by the return, which left an unpaid balance of $58,315.28, claimed as still due. Various waivers were signed by the taxpayer, extending the statutory period of limitations for assessment and collection. Finally, on December 18, 1925, the Commissioner of Internal Revenue made a deficiency assessment of $18,658.98 in excess of the original assessment. Thereupon appellant filed an appeal to the Board of Tax Appeals for a re-determination of the deficiency, and claiming that the original assessment was barred by the statute of limitations. While this proceeding was pending, appellee, as collector, caused a distraint warrant to be issued and levied upon appellant's property, and gave notice that the property would be sold at public auction.

The District Judge, being of opinion that the Board of Tax Appeals acquired jurisdiction only of the assessment for the deficiency, held that R. S. § 3224 (26 USCA § 154), prohibits a suit to enjoin the collection of the original assessment. Consideration of this appeal has been postponed until the Board of Tax Appeals should decide the appeal pending before it. In an opinion rendered October 17, 1928, the Board of Tax Appeals decided that it had jurisdiction of the original assessment, as well as of the deficiency assessment. In that opinion it was also held that appellant was liable for the full amount of the deficiency assessment, but that the original assessment was barred by the statute of limitations. The correctness of those rulings on the merits is not now before us for consideration, but it is proper that we should at this time pass upon the appeal from the District Court.

On the question of jurisdiction of the Board of Tax Appeals, we are of opinion that the conclusion of the District Judge was wrong. That Board was given the power by the act creating it to determine the correctness of deficiency assessments made by the Commissioner of Internal Revenue. Revenue Act 1924, §§ 274, 279, 308, 312, 900 (26 USCA §§ 1048–1054, 1063, 1101–1104, 1106–1108, 1105, 1211–1222). It is not bound by the assessment, but has power to raise or lower it, or to hold that there was no deficiency. In order to act intelligently and determine the total amount of tax due, it had the right to inquire whether any part of the tax was erroneously found to be due. By the Revenue Act of 1926 it is provided in section 284(d), 26 USCA § 1065, that, if the taxpayer appeal to the Board, he cannot sue to recover any part of the tax, but under subdivision (e) of that section the Board was given jurisdiction, if it should find that there was no deficiency, and that the taxpayer had made an overpayment of the tax, to determine the amount of such overpayment and direct that

it be credited or refunded. Therefore, since the passage of the Revenue Act of 1926, the Board has jurisdiction, not only to redetermine a deficiency, but also, where there is no deficiency, to ascertain and order that credit be given for any overpayment of the tax.

We are of opinion that it results from these statutory provisions that, while the Board has no jurisdiction where there is no deficiency assessment, yet, if there is a deficiency assessment, the jurisdiction of the Board extends to the whole controversy, to the end that it may determine or redetermine the correct amount of the tax.

The jurisdiction of the Board having been shown to exist, section 274(a) of the Revenue Act of 1926 (26 USCA § 1048) is applicable. That section prohibits a proceeding by distraint until the decision of the Board has become final, and confers upon the District Courts of the United States jurisdiction to enjoin collection of the tax, notwithstanding the provisions of R. S. § 3224. Under the admitted facts, we are of opinion that it was error to refuse to issue an injunction.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.