## OHIO STEEL FOUNDRY CO. v. UNITED STATES.

### No. F–143.

Court of Claims.
Feb. 17, 1930.

Donald Horne, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

In this suit, which was instituted May 3, 1926, plaintiff asked judgment for $242,937.38, income and profits tax alleged to have been erroneously and illegally collected for 1918, with interest thereon as provided by law.

The jurisdiction of the court is questioned by the defendant's special answer and plea to jurisdiction, in which the claim is advanced that this court was deprived of jurisdiction to entertain the suit by reason of the fact that on December 29, 1926, the Commissioner of Internal Revenue mailed to the plaintiff a notice of his determination of a deficiency of $56,444.21, in respect of the tax of plaintiff for the calendar year 1918, as authorized by section 274(a) of the Revenue Act of 1926 (26 USCA § 1048), and on February 26, 1927, the plaintiff instituted a proceeding before the United States Board of Tax Appeals by the filing of its petition for a redetermination of such deficiency.

The defendant contends that this court did not have jurisdiction to entertain this suit at the time it was instituted on May 3, 1926, and particularly was it without jurisdiction after December 29, 1926, because of the provisions of section 284(d) of the Revenue Act of 1926 (26 USCA § 1065(d).

The question presented by the demurrer necessitates an interpretation of the provisions of sections 274 and 284 of the Revenue Act of 1926, sections 1001–1005 of title X of the Revenue Act of 1926 amending title IX of the Revenue Act of 1924, and also of section 1113(a) of the Revenue Act of 1926, re-

enacting section 3226 of the Revised Statutes as amended (26 USCA § 156).

From the record it appears that the plaintiff duly filed its tax return for the calendar year 1918 and paid to the collector of internal revenue the tax shown to be due thereon of $658,440.69. Thereafter, on March 7, 1924, January 5, 1925, and November 16, 1925, plaintiff and the Commissioner entered into certain written consents by which the limitation period for assessment and collection of additional taxes for 1918 was extended to December 31, 1926. The several consents contained provision for a further extension in the event of the determination of a deficiency and the institution of a proceeding before the Board of Tax Appeals.

February 26, 1924, plaintiff filed claim for refund of $10,000, and on January 8, 1925, it filed a further claim for refund of $50,000 on the ground that it was entitled to a paid-in surplus of $240,000. May 27, 1925, plaintiff notified the Commissioner of its intention to claim a deduction from gross income for 1918 for amortization, and on August 15, 1925, filed claim for refund of $100,000, basing this claim on the ground that it was entitled to a deduction for amortization as provided in section 234(a) (8) of the Revenue Acts of 1918 (40 Stat. 1078) and 1921 (42 Stat. 255).

December 31, 1925, plaintiff filed another claim for refund of $658,440.69, being the total amount of tax paid for 1918. More than six months prior to the institution of this suit the Commissioner of Internal Revenue had not rendered a decision on these claims.

Thereafter, on December 29, 1926, the Commissioner of Internal Revenue determined a deficiency of $56,444.21 in respect of the tax of plaintiff for 1918, and mailed to plaintiff a notice thereof by registered mail. February 26, 1927, plaintiff instituted a proceeding in the United States Board of Tax Appeals by the filing of a petition as authorized by section 274(a) of the Revenue Act of 1926 (26 USCA § 1048) for the redetermination of such deficiency. At the time of the hearing of this demurrer, the proceeding was still pending before the Board of Tax Appeals, and had not been heard or decided by the Board. The questions raised by plaintiff in the proceeding instituted before the Board with respect to amortization of war facilities and paid-in surplus are identical with the questions presented in the plaintiff's petition in this court. No portion of the deficiency of $56,444.21 determined by the Commissioner on December 29, 1926, has been paid.

The defendant demurred to the petition herein, and this demurrer was overruled October 25, 1926. Subsequent to the mailing by the Commissioner of the deficiency notice on December 29, 1926, the parties to this suit filed with the court certain stipulations of fact, testimony was taken, and documentary evidence introduced, and the plaintiff's case was closed. Thereafter, on January 14, 1929, the defendant filed its special answer and plea to the jurisdiction of this court.

The question for decision is whether, under the provisions of the Revenue Act of 1926, the determination by the Commissioner of a deficiency and the institution by the taxpayer of a proceeding before the Board of Tax Appeals, all occurring after the suit had been properly instituted in this court, renders such suit premature and deprives this court of jurisdiction to entertain it. The defendant insists that such is the case, for the reason (1) that the plaintiff's remedy in the proceeding before the Board of Tax Appeals is the same as that sought in this court, since the Board is authorized to find that there has been an overpayment of tax; (2) that the beginning of a proceeding before the Board and a suit for refund are alternative remedies, which may not be pursued by a taxpayer at the same time; (3) that the taxpayer has ample protection and right of appeal before either the Board or this court, and that, having chosen one tribunal, he should be excluded from the other at least until final judgment is made by that tribunal; and (4) that, in any event, suit may not be brought in this court until the plaintiff has paid the deficiency asserted by the Commissioner.

By the Revenue Act of 1926 the jurisdiction and powers of the Board of Tax Appeals were enlarged and a system of review of the decisions of the Board by the United States Circuit Courts of Appeals or the Court of Appeals of the District of Columbia was provided so that, if a taxpayer, having been notified by the Commissioner of a deficiency, elects to file a petition with the Board, after the enactment of the Revenue Act of 1926, his entire tax liability for the year in question, except in case of fraud, is finally and completely settled by the decision of the Board that has become final. See section 284 (d) (1) and (e) of the Revenue Act of 1926 (26 USCA § 1065(d) (1) and e); also page 25 of the Report of the Committee on

146

Finance of the Senate, Sixty-Ninth Congress, First Session, concerning the Revenue Act of 1926.[1]

The Board of Tax Appeals is therefore the trial court when a taxpayer elects to go into it, and its jurisdiction in a proper

---

[1] Under the existing law after the commissioner has determined the deficiency and mailed notice thereof to the taxpayer, the taxpayer may appeal to the Board of Tax Appeals, but if the board finds that there is a deficiency the taxpayer must pay the tax and proceed before the department and the courts for a refund. The House bill institutes a system of appeals from the decisions of the board to the circuit courts of appeals and from there on certiorari to the Supreme Court. The House bill also provides in section 281 (d) that when the deficiency letter has been sent to the taxpayer, whether or not he takes the case to the Board of Tax Appeals, his right to claim or sue for a refund for the year to which the deficiency letter relates is forever barred. This provision seems to the committee too drastic, and it is accordingly proposed in section 284 (d) of the bill that the taxpayer's right to claim and sue for refund shall be barred only if he takes the case to the board, thus preserving to him the option of paying the tax and then proceeding before the department and the courts to recover any excess payments by a claim or suit for refund.

But if he does elect to file a petition with the board his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the board when it has become final, whether the decision is by findings of fact and opinion, or by dismissal, as in case of lack of prosecution, insufficiency of evidence to sustain the petition, or on the taxpayer's own motion. The duty of the commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim for abatement of the assessment or for refund he can not entertain it, nor can suit be maintained against the United States or the collector. Finality is the end sought to be attained by these provisions of the bill and the committee is convinced that to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the commissioner (save in the sole case of fraud) would be highly undesirable.

The bill provides in section 274 (a) that except in certain enumerated cases the commissioner can take no action to assess and collect a deficiency until he has mailed to the taxpayer a notice of the deficiency, and if the taxpayer has taken the case to the board, until the decision of the board has become final. Such decision becomes final: (1) On the expiration of the time allowed for appealing to the circuit court of appeals, or (2) where such an appeal has been taken, when the appellate courts have disposed of the case. The bill, therefore, contains in section 274 (a) a provision that despite section 3224 of the Revised Statutes (which prohibits injunctions to restrain the assessment or collection of the tax) the taxpayer may in a proper case go into court for an injunction to restrain the commissioner from assessing or collecting a deficiency until the procedure outlined in the bill has been completed.

It is the purpose of the bill that all questions arising prior to the time the decision of the board has been rendered as to the right of the commissioner to assess and collect the tax, including the question as to whether or not the statute of limitations has run before the mailing of the deficiency letter, shall be determined by the board, and by the courts on appeal from the board.

The House bill provides that in case the commissioner believes that the assessment or collection of the tax be jeopardized by delay, he may make a jeopardy assessment at any time before the taxpayer has taken an appeal to the circuit court of appeals from the decision of the board, and upon the making of such jeopardy assessment the jurisdiction of the board and the courts shall cease. If the jeopardy assessment is made after the decision of the board is rendered, but before the appeal is taken, the procedure in the House bill would necessitate, in order to obtain the determination of the board, the filing of a claim in abatement, which, when denied by the commissioner, would form the basis of a new right to take the case to the board. This procedure seemed to your committee unnecessary, and there is accordingly provided in section 279 a system of jeopardy assessments which does not interfere in any manner with the regular course of procedure of deficiency letters, petitions to the board, and appeals therefrom to the circuit court of appeals. Upon the making of the jeopardy assessment, the taxpayer, if so desiring, may stay the collection of the tax by filing a bond. If he does not elect to file a bond, the commissioner may collect the tax, but the right of the taxpayer to have the correct amount of the deficiency determined by the board and the appellate courts is not interfered with, and if in the course of such procedure it is decided that he has overpaid the tax a refund will be made to him. It should be observed that the board and the appellate courts have no authority to examine into the question as to whether the jeopardy determined by the commissioner in fact exists.

* * * * * * *

Under the existing law if the commissioner desires to collect a deficiency greater than the amount determined by the board, he may bring suit against the taxpayer, in which suit the findings of the board shall be prima facie evidence. The House bill takes away this right and confines the commissioner to an appeal from the board to the circuit court of appeals and from there by certiorari to the Supreme Court. The committee concurs in this provision. If the commissioner collects more than the amount determined by the decision of the board which has become final, the taxpayer has a right to sue for refund of the excess amount, but has no right to an injunction to restrain the assessment or collection.

The House bill in section 274 (f) provides that if after the enactment of this bill the commissioner has notified the taxpayer of a deficiency, he shall have no further right to determine an additional deficiency except in case of fraud. The committee recommends that this provision be confined to cases where the taxpayer has appealed to the board. If he does not appeal to the board, he has a right to file suit for refund at any time within the statutory period of limi-

case, if it first acquires it, is exclusive. Having in mind the clear and manifest purpose of the act to vest in the Board of Tax Appeals and the appellate courts upon petition for review exclusive power ultimately and finally to decide all questions, both as to deficiencies and overpayments, that could arise between the taxpayer and the government in connection with the tax liability for the year or years involved in such proceeding, this court has no disposition to entertain a suit over which the Board is given exclusive jurisdiction under the statute; but we think this case does not come entirely within those provisions of the statute, and, if this be true, the plaintiff's suit should not be dismissed.

Section 284(d) (1) of the Revenue Act of 1926 (26 USCA § 1065(d) (1) provides:

"If the Commissioner has mailed to the taxpayer a notice of deficiency under section 1048 of this title and if the taxpayer after February 26, 1926, files a petition with the Board of Tax Appeals within the time prescribed in such section, no credit or refund in respect of the tax for the taxable year in respect of which the commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

"(1) As provided in subdivision (e) of this section or in subdivision (i) of section 1051 or in subdivision (b), (f), or (i) of

section 1064 or in subdivision (d) of section 1224 of this title; and"

Subdivision (e) of section 284 (26 USCA § 1065(e) provides:

"If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Such refund or credit shall be made either (1) if claim therefor was filed within the period of limitation provided for in subdivision (b) or (g), or (2) if the petition was filed with the Board within four years after the tax was paid, or, in the case of a tax imposed by this Act, within three years after the tax was paid."

The Board of Tax Appeals clearly has jurisdiction of the proceeding instituted there by the plaintiff as a result of the Commissioner's determination of a deficiency for 1918, and it has authority and jurisdiction under the statute to decide all matters placed in issue concerning the tax liability of the Ohio Steel Foundry Company for 1918. Peerless Woolen Mills, 13 B. T. A. 1119; Peerless Woolen Mills v. Rose (C. C. A.) 28 F.(2d) 661. The jurisdiction of this court in no wise depends upon the lack of jurisdiction or authority of the Board to adjudicate any question in relation to the correct tax liability, but rests upon the language of section 284(d) (26 USCA § 1065(d) that, "if the Commissioner has mailed * * * a notice of deficiency * * *, and if the taxpayer after February 26, 1926, files a petition with the Board * * * within the time prescribed * * * no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court." This language, in our opinion, applies only to the institution of suit in court after the mailing of the deficiency notice and the institution of a proceeding before the Board of Tax Appeals, and does not deprive the court of jurisdiction of a suit instituted before the mailing of the deficiency notice. Cf. Plains Buying & Selling Association, 5 B. T. A. 1147, in which the Board held that it was not deprived of jurisdiction under section 282(a) of the Revenue Act of 1926 (26 USCA § 1071(a) by adjudication of bankruptcy of a taxpayer or the appointment of a receiver after the institution of a

---

tations, and there seems no reason why in such cases the commissioner should not have equal right to assess any further deficiency he may find within the statute of limitations imposed on the Government. It should be noted that this restriction on the commissioner applies only in cases where a deficiency letter has been mailed after the enactment of this bill.

Under the existing law and the House bill the 5 per cent. and 50 per cent. additions to the tax in case of negligence or fraud are to be assessed and collected in the same manner as if they were a deficiency, i. e., can only be assessed after the taxpayer has been sent a notice by registered mail. It sometimes occurs that after the deficiency letter has been sent out fraud or negligence is for the first time discovered by the commissioner. In order to avoid the necessity of sending out a second notice to the taxpayer in such cases and other similar cases, it is provided in section 274 (e) that the board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed, whether or not the commissioner has asserted such claim in the deficiency letter or in his pleadings. If the fraud is discovered after the board's decision, the commissioner can send notice thereof, on which the taxpayer can appeal to the board.

proceeding before it, but that the Board and the court had concurrent jurisdiction in such cases. See, also, Elmhurst Investment Co. et al. v. United States (D. C.) 24 F.(2d) 561, in which the District Court of Kansas held that the mailing of a deficiency notice and the bringing of a proceeding before the Board, all occurring after the enactment of the Revenue Act of 1926 and after the institution of suit in that court, did not deprive the court of jurisdiction.

We think section 284(d) of the Revenue Act of 1926 (26 USCA § 1065(d) contemplated that no suit should be instituted by a taxpayer for the recovery of a tax after the Commissioner has determined and notified such taxpayer of a deficiency in respect of the tax for such taxable year, in the event of institution by the taxpayer of a proceeding before the Board of Tax Appeals for the redetermination of such a deficiency; that it did not contemplate that a suit in court, which had been properly instituted prior to any determination by the Commissioner of a deficiency for the same taxable year, or the institution of a proceeding before the Board of Tax Appeals for the redetermination of such deficiency, could not longer be maintained, or that the court in which such suit was instituted should be deprived of jurisdiction thereof in the event the Commissioner should subsequently determine an additional tax for such year. The statute provides that no suit shall be *instituted*, and says nothing about a suit that has already been *instituted* being *maintained*. Had the Commissioner determined a deficiency in respect of the tax of this plaintiff for the year 1918 and mailed to it a notice of such determination, and the plaintiff herein had instituted a proceeding before the Board of Tax Appeals prior to the bringing of this suit, we think this suit would, under such circumstances, be premature and this court would be without jurisdiction to entertain it. Under such circumstances it would be incumbent upon the taxpayer to raise all questions relating to his tax liability for the taxable year, in respect of which the Commissioner had determined the deficiency, before the Board of Tax Appeals and to pursue his remedy with respect both to the deficiency and to any claimed overpayment to a conclusion under the provisions of the Revenue Act of 1926, either by accepting the decision of the Board, which has become final by the expiration of the time for filing of a petition for review of such decision, or by prosecuting such review to a conclusion as provided by law.

It is argued by the plaintiff that, in a case such as is last mentioned, the taxpayer might find itself without a remedy to obtain a refund of tax erroneously assessed and collected, for the reason that the Board of Tax Appeals has no authority to direct a refund or credit of such overpayment or to render a judgment against the United States for the same; that the board can do no more than find the fact of overpayment (Dickerman & Englis, Inc., 5 B. T. A. 633, 636); that questions of interest and credits might arise.

■ A decision by the Board finding an overpayment which has been affirmed by the Court of Appeals or by the Supreme Court, or a decision of the Board finding overpayment pursuant to the judgment, decree, and mandate of the appellate court, certainly would be as enforceable as a judgment of this or any District Court against the United States, or a collector, for the refund of taxes.

It is hardly conceivable that the Commissioner of Internal Revenue, acting for the United States, would refuse, where no credits are involved, to refund to a taxpayer, according to the positive mandate of the law, the amount of an overpayment found by the Board in a decision which has become final without review and when such overpayment is not barred, for, under the law, such decision of the board has the same force and effect and is just as binding as a decision of the Board that has been affirmed, or as a judgment by the court against the collector or against the United States. It seems clear that Congress intended that it should be so. But, if such a situation should arise, it would appear that the statute is sufficiently broad to permit a suit to enforce the judgment of the Board. Subdivision (d) of section 284 of the Revenue Act of 1926 (26 USCA § 1065(d) provides that, if a taxpayer takes his case to the Board, no credit or refund shall be made by the Commissioner, and no suit shall be instituted in any court except as provided in subdivision (e) of that section. Subdivision (e) makes it mandatory upon the Commissioner to credit or refund any overpayment found by the Board, and it would appear that, if suit should become necessary under subdivision (e) to enforce any payment as therein required, such suit would not be governed by the limitations provided in section 3226 of the Revised Statutes (26 USCA § 156), but would come under the limitation of the provision of section 156 of the Judicial Code (28 USCA § 262) as for suits upon claims against the

United States, or by the limitation provision relating to suits to require the performance by an officer of a ministerial act.

With respect to the question of interest and credits over which the Board has held it has no jurisdiction, we find nothing in the statute which would preclude the taxpayer from bringing suit in this court upon any alleged improper credit or alleged failure properly to compute and pay interest upon any overpayment found by the Board. Such suit it would appear could be instituted within six years after the taxpayer's right to such credit or payment of interest first accrued. Act approved March 3, 1911, c. 231, 36 Stat. 1139; section 156, Judicial Code [28 USCA § 262]).

Returning now to the specific question involved in this particular suit, we find nothing in the statute inconsistent with the right of the plaintiff herein to maintain this suit, notwithstanding the plaintiff, subsequent to the institution thereof, commenced a proceeding in the Board of Tax Appeals upon the Commissioner's determination of December 29, 1926. In such case we think this court and the Board of Tax Appeals may very well have concurrent jurisdiction in respect of all matters relating to the tax liability of the Ohio Steel Foundry Company for the taxable year 1918. This court had jurisdiction of this suit when it was instituted, and the defendant might very properly have asserted its counterclaim for $56,444.21 instead of mailing a notice of such amount as a deficiency in tax under the provisions of section 274(a) of the Revenue Act of 1926; Act of March 3, 1911, supra; section 145 of the Judicial Code (28 USCA § 250). This section provides that "the Court of Claims shall have jurisdiction to hear and determine * * * all claims * * * upon the Constitution of the United States or any law of Congress, * * * in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable * * *. All set-offs, counterclaims, * * * or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said Court. * * * *" And this course has been pursued by the defendant in a situation such as we have here. Gray's Harbor Motorship Corp. v. United States, No. B-12, argued December 10, 1929. Under the provision of the Revenue Act of 1926, the government, except in case of jeopardy, is prohibited from assessing and collecting any additional tax until the expiration of sixty days after the mailing of a deficiency notice, or, if a proceeding is instituted before the Board, until the decision of the Board has become final. The fact that the defendant might elect to mail a deficiency notice instead of filing counterclaim would not deprive this court of jurisdiction over a suit already instituted, because we think the statute was not designed to place in the hands of the Commissioner of Internal Revenue the right to determine what tribunal should have jurisdiction of any case. The conference report upon the Revenue Act of 1926 with reference to section 274(a), 26 USCA § 1048, states, at page 39, that, under the provisions of this section, with certain exceptions, the Commissioner can take no action to assess or collect, by distraint or proceedings in court, a deficiency in income tax until he has mailed the taxpayer a notice of deficiency, nor, if the taxpayer has filed a petition with the Board of Tax Appeals for a redetermination of the deficiency, until the decision of the Board has become final, but that "such prohibition does not, of course, bar proceedings by way of counterclaim by the Commissioner for the amount of the deficiency in connection with any claim or suit for refund by the taxpayer."

The general rule appears to be fairly well settled that, where two actions between the same parties, on the same subject, to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its powers being adequate to the administration of complete justice, retains its jurisdiction to the end of the litigation. Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294, 5 S. Ct. 135, 28 L. Ed. 729; Rodgers v. Pitt et al. (C. C.) 96 F. 668, affirmed in Pitt v. Rodgers (C. C. A.) 104 F. 387.

The case of Suhr v. United States (C. C. A.) 18 F.(2d) 81, cited by the defendant, is not in point. In that case the taxpayer claimed that he had made an overpayment of his tax because he had included a stock dividend as income. The Commissioner audited the return and found there was a deficiency after making allowance for the tax paid as the result of the inclusion by the taxpayer of the stock dividend as income. In other words, the Commissioner determined that there was due from the taxpayer an additional tax for the taxable year in excess of the amount which the taxpayer claimed he

had overpaid. The taxpayer instituted a proceeding before the Board of Tax Appeals upon the Commissioner's determination and later brought suit in the District Court asking judgment for the amount of the tax paid as a result of the inclusion in income of the stock dividend. The court dismissed the suit upon the ground that the taxpayer could not separate his tax liability, and the question whether he was entitled to a refund depended upon the correctness of the Commissioner's determination that there was a deficiency in excess of the refund claimed, which determination the taxpayer had already taken before the Board of Tax Appeals prior to the institution of the suit. The situation here is just the reverse, and arises under the Revenue Act of 1926. It would be a harsh rule that would make the jurisdiction of a court of a suit in which plaintiff has taken his proof and closed his case to depend upon the decision of the Commissioner to send a deficiency notice instead of filing a counterclaim. Defendant also cites Blair v. United States ex rel. Birkenstock, Executors, 271 U. S. 348, 46 S. Ct. 506, 70 L. Ed. 983, as authority for the claim that this court is without jurisdiction of this suit. That case is also not in point. It involved a suit for mandamus to compel the Commissioner of Internal Revenue to compute and allow interest on certain tax paid in 1920 for the year 1919 upon the installments of the tax shown due by the return prior to the date on which the total of the installment payments equalled the total tax due. The court held that the quarterly installment payments were payments on account of the total tax due, and that interest was allowable only from the date of the payment of that installment which first exceeded the correct amount of tax due. The parties were in accord as to the correct tax for the year involved. The court held that the third installment paid in September, 1920, exceeded the total tax due, and interest should be allowed on the excess from the date of payment and upon the entire amount of the fourth installment. The court was not considering the question whether the Commissioner, by a determination that an additional tax was due after the institution of the suit in accordance with section 3226 of the Revised Statutes (26 USCA § 156), could deprive the court of jurisdiction of a suit already pending.

It would appear entirely reasonable and consistent with all of the provisions of the Revenue Act of 1926 to say that, when a suit has been properly instituted in this court and this court has acquired jurisdiction over all matters in controversy, or such further questions as might arise in connection with such suit, the subsequent commencement of a proceeding before the Board of Tax Appeals in relation to the same matters authorized by certain provisions of the Revenue Act of 1926, this court or the Board of Tax Appeals, whichever first reaches the case for trial, may proceed therewith and determine all questions raised and render a decision thereon. The doctrine of res adjudicata might apply. Cf. Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918.

The demurrer is not well taken, and is accordingly overruled.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.