COMAS, INC. (FORMERLY FRIGIDMIST COMPANY, INC.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20672. Filed October 8, 1954.

*David Karsted, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* Although not raised by either of the parties, the factual situation before us presents the question of whether we now have jurisdiction of the proceeding. The pertinent portion of the Internal Revenue Code of 1939 relative to the assessment and collection of taxes in the case of bankruptcy and receivership proceedings is set out below.[1]

Upon the filing of the petition herein we acquired exclusive jurisdiction of the proceeding. Subsequently, when the petitioner was adjudicated a bankrupt, we were not ousted from jurisdiction, but our jurisdiction became concurrent with that of the bankruptcy court. *Plains Buying and Selling Association,* 5 B. T. A. 1147; *M. R. Hoffman,* 7 B. T. A. 303; *Robert T. Cunningham,* 20 B. T. A. 428; *Missouri Pacific R. R. Co.,* 30 B. T. A. 587. Where we and another court have concurrent jurisdiction over a cause involving the correct tax liability of a taxpayer, the applicable rule is that the court which reaches the

---

[1] SEC. 274. BANKRUPTCY AND RECEIVERSHIPS.

(a) IMMEDIATE ASSESSSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this chapter upon such taxpayer shall, despite the restrictions imposed by section 272 (a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. In such cases the trustee in bankruptcy or receiver shall give notice in writing to the Commissioner of the adjudication of bankruptcy or the appointment of the receiver, and the running of the statute of limitations on the making of assessments shall be suspended for the period from the date of adjudication in bankruptcy or the appointment of the receiver to a date 30 days after the date upon which the notice from the trustee or receiver is received by the Commissioner; but the suspension under this sentence shall in no case be for a period in excess of 2 years. Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.

(b) UNPAID CLAIMS.—Any portion of the claim allowed in such bankruptcy or receivership proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within 6 years after termination of such proceeding. * * *

cause on its calendar first may proceed to the trial for decision of the matter without further delay. *James H. S. Ellis*, 14 T. C. 484.

Here the bankruptcy court reached the cause on its calendar first and proceeded to trial and adjudication, among others, of the only questions presented in the instant proceeding, namely, the liability of petitioner, as transferee of the assets of Startz, as transferee of the assets of Clarkson for unpaid income taxes of Clarkson for 1944 and 1945, and the extent of such liability. In making such adjudication the bankruptcy court determined that the petitioner was so liable and to the extent determined and claimed by respondent.

Section 284 (d) of the Revenue Act of 1926 denied to a taxpayer the right to bring any suit for the recovery of the tax after he had adopted the procedure of appealing to the Board of Tax Appeals or to the Circuit Court of Appeals. An exception to such denial was provided in section 283 (b) in the case of appeals which had been filed under section 274 (a) of the Revenue Act of 1924 and were pending before the Board at the time of the enactment of the Revenue Act of 1926. In *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, the Court was called on to consider the question of how to resolve possible conflicts that might arise in cases pending before the Board at the time of the enactment of the Revenue Act of 1926 which the Board decided against the taxpayer and in which the taxpayer paid the tax, prosecuted an appeal from the Board's decision to the Circuit Court of Appeals, and in the meantime filed suit in the District Court for refund of the tax. Respecting the matter the Court said:

But the apparent conflict in such cases can be easily resolved by the use of the principles of *res judicata*. If both remedies are pursued, the one in a District Court for refund, and the other on a petition for review in the Circuit Court of Appeals, the judgment which is first rendered will then put an end to the questions involved, and in effect make all proceedings in the other court of no avail. Whichever judgment is first in time is necessarily final to the extent to which it becomes a judgment. * * *

Under the rule set out in the foregoing statement of the Supreme Court, and since the judgment of the bankruptcy court has become final, we think such judgment effected a final disposition of all questions before us and rendered the instant proceeding of no avail.

Furthermore, we think the foregoing conclusion is supported by the provisions of section 274 of the 1939 Code. Section 274 (a) provides for the immediate assessment against the bankrupt of any deficiency determined against him and not theretofore assessed in accordance with law. Provision is made for filing with the bankruptcy court claim for the deficiency so assessed, despite the pendency of proceedings in the Tax Court for the redetermination of the deficiency.

Section 274 (b) provides that any portion of the claim allowed in the bankruptcy proceeding remaining unpaid at the termination of the proceeding shall be paid by the taxpayer upon notice and demand, and that collection thereof from the taxpayer may be made by distraint or by a proceeding in court, within 6 years after termination of the bankruptcy proceeding.

It thus appears that by the provisions of section 274 Congress not only has provided for the determination by the bankruptcy court of the amount and validity of a deficiency for which claim is filed but has authorized, following the close of the bankruptcy proceedings and without further proceedings in the Tax Court or elsewhere, the immediate collection of any unpaid portion of the deficiency allowed by the bankruptcy court. In view of this, it appears that Congress intended that once a bankruptcy court allowed a deficiency for which claim was filed and that court's action became final, the amount and validity of the deficiency was not thereafter to be the subject of consideration by the Tax Court. Such a view conforms to the intent of Congress shown by the prohibition contained in section 274 (a) against the filing of a petition of redetermination with the Tax Court after adjudication of bankruptcy.

In view of what has been said above, we hold that the issues presented by the instant proceeding have become res judicata.

*An order will be entered dismissing the proceeding.*