**In the Matter of FOTOCHROME, INC., Debtor.**
**No. 70–B–209.**

United States District Court, E. D. New York.
May 25, 1972.

---

Robert A. Morse, U. S. Atty., E. D. New York, for the United States; William E. Dertinger, Asst. U. S. Atty., of counsel.

Louis P. Rosenberg, Brooklyn, for debtor.

ROSLING, District Judge.

Order here certified for review by Referee in Bankruptcy Warner, now retired, was made by him on December 30, 1971. In substance it denied the application of the government for an adjournment of the hearing of objections to the claim of the Internal Revenue Service ("IRS") for $135,527.37 back taxes, until the Tax Court might rule upon a proceeding brought by the debtor as taxpayer in that court for an abatement of the liability. Whether the hear-

ing in either court has been held since the making of the order by Referee Warner does not appear.

The facts may be simply stated. On December 8, 1967, the IRS forwarded to seven corporations—the debtor was not included—and two individuals, the statutory 90-day letter, giving notice that deficiencies had been determined against them. The taxpayers thereupon on March 7, 1968, filed their petitions in the Tax Court for review of the several deficiencies, to which the Commissioner made answer on May 16, 1968. On October 21, 1968, the Tax Court granted the Commissioner's motion to consolidate all the corporate and the two individual cases for trial. The litigation arises from the fact that Frank Nadaline, Jr., one of the two individual petitioners [1] and a substantial stockholder in each of the seven corporations, had received certain payments from them which had been treated by the taxpayers as business expenses of the corporations and reported taxwise accordingly. The government took the position that the deduction by the corporations of the sums involved as business expenses was improper and disallowed the deduction as to the corporations and added the amount thereof to the reportable income of the two individual taxpayers as constructive dividends from the corporations.

Some time later Fotochrome, Inc., the debtor herein, merged the seven corporations and became the successor party to the litigation in the Tax Court. Matters from the date of the filing of the suit moved forward, slowly it is true, but in routine fashion toward its ultimate trial.

On March 26, 1970, the debtor, now successor by merger to the seven corporations, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act in the District Court for the Eastern District of New York. Prompt-

---

1. Frank's wife, Malvina, is the other individual petitioning taxpayer in the Tax Court. Together they are the chief stock-holders of Fotochrome, Inc., the debtor herein.

ly following such event, on May 27, 1970, as required by Section 6871(a) of the Internal Revenue Code (1954), the corporate [2] liabilities at issue in the Tax Court were assessed. A timely proof of Claim was on February 23, 1971, filed with the Bankruptcy Court in the sum of $135,527.37.

The Chapter XI proceeding was prosecuted since its filing on March 26, 1970, with inordinate and unexplained delays.[3] The Court as this memorandum was being drawn has been informed that the arrangement plan was finally approved on May 11, 1972.[4]

The debtor filed objections to the claim for deficiencies on July 8, 1971.

On September 23, 1971, the government filed its motion for an adjournment of the hearing on the debtor's objections until the Tax Court might determine the correctness of the deficiencies.

Referee Warner's memorandum in support of the determination implemented by the order of December 23, 1971, on review is brief and monolithic in its thrust, which may best be presented by quotation of its express language. It reads in pertinent part as follows:

"The motion of the claimant shall be treated as an application to modify the restraining provisions of the order of March 27, 1970 so as to permit proceeding in the Tax Court instead of having a determination in this Court on the debtor's objection to the allowance of the claim.

"Section 2A [of the Bankruptcy Act] adopted in 1966 provides that this Court is vested with jurisdiction 'to hear and determine * * * any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy, been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.' There has been no trial or determination by the Tax Court. This Court has jurisdiction and all disputed claims should be determined here. (In re Century Vault, 416 F.2d 1035 (3d Cir); City of Amarillo v. Eatens [Eakens] 399 F.2d 541 (5th Cir.); In re Ft. Smith Acoustical Co. [D.C.] 310 F.Supp. 226; 1 Colliers 214–15) Irrespective of 2A, the filing of the proof of claim vests this court with jurisdiction to determine its validity and the amount before allowance pursuant to Section 57d of the Bankruptcy Act. (1 Colliers p. 215).

"In practically all instances of disputed claim other courts may have concurrent jurisdiction but in the enactment of the Bankruptcy Act Congress vested this court upon the filing of a proof of claim with paramount jurisdiction to determine its validity (2A and 57d)."

2. The two individual taxpayers, the husband and wife Madaline, although controlling stockholders of the debtor, are not directly parties to the bankruptcy proceeding.

3. The proceeding probably should have been converted into a Chapter X proceeding, an objective for which the Securities and Exchange Commission applied to this court, but abandoned upon a stipulation which, among other things provided for an expeditious processing and consummation of the arrangement. Order was entered by this Court on the stipulation on May 20, 1971. It required confirmation of the arrangement as amended no later than August 20, 1971.

4. The order of this Court of May 20, 1971, approving the stipulation required confirmation, as noted above, by August 20th. On September 23rd Judge Judd signed an order on a further stipulation extending the time for procuring confirmation to November 17th. On November 22nd Referee Warner signed an order supported by a third stipulation extending the time to February 17, 1972. On February 14th Judge Mishler, on the basis of a fourth stipulation, extended the confirmation to May 17, 1972. The arrangement was finally confirmed on May 11, 1972.

■ Subsequent to the Referee's decision the United States Tax Court by decision filed March 23, 1972, 57 T.C. 842 held in the pending consolidated case [5] that the Court was not deprived of jurisdiction where a petitioner files in bankruptcy subsequent to the filing of his petition for the redetermination of his taxes with the Tax Court. Jurisdiction in such cases was held to be concurrent in both courts. The careful review of statute and decisional law presented in the Tax Court decision fully sustains the holding as correct.[6]

The concluding two paragraphs of the Tax Court's opinion read:

"In cases of concurrent jurisdiction the court which first reaches the case for trial may then proceed to a final decision without interruption and the doctrine of res adjudicata will apply to the result. Ohio Steel Foundry Co. v. United States, 38 F.2d 144, 149, 150 [69 Ct.Cl. 158] (Ct.Cl., 1930), Comas, Inc., [23 T.C. 8] *supra*, 10–11. We have not been shown that the bankruptcy court has calendared the deficiencies asserted against Fotochrome for determination.

"Respondent's motion to calendar these cases for trial is granted[.]"

This Court agrees with the legal position taken by the Tax Court and finds the debtor's contentions that it could in equity compel the government to forego its legal right to have its claim adjudicated and to engage, though unwilling, in settlement negotiations with the taxpayer, is somewhat less than persuasive.

The Tax Court memorandum directs that the case be calendared for trial.

The debtor counters this direction by an averment that its attorney "has made inquiry and has ascertained that the trial cannot take place in the Tax Court until, the earliest, in October."

It appears that the Bankruptcy Court has not yet tried the objections to the government's claim. Even if the Bankruptcy Court's right to try the issues raised by the objections were paramount, non-delegable and exclusive, it could defer to the Tax Court as a specialized judicial agency and accept its determination as res adjudicata.[7] If, however, substantial delay impeding the prompt termination of the proceedings in the bankruptcy proceeding and the entry of a decree would ensue from such cession of jurisdiction to, and actual trial in, the Tax Court has not yet begun, the government's claim and the objections thereto should be retained in this forum for expeditious adjudication.

■ Under the circumstances here present, however,—(see footnote 4)—the Tax Court should be afforded priority of opportunity to try the Fotochrome tax cases, provided the trial is begun no later than Monday, October 16, 1972. In the meantime the Bankruptcy Court should abstain from pressing for trial of the issues here. No great difficulty should be experienced by the debtor in so amending or formulating the decree on confirmation as to secure the government's preferred position in the event, not completely remote, that it should prevail[8] in the Tax Court.

Settle order on notice, submitting proposed order on or before June 9, 1972.

5. Fotochrome, Inc. (Successor by Merger to Fotochrome Color Corp.) et al., Petitioners v. Commissioner of Internal Revenue, Respondent, Docket Nos. 1077–68 through 1084–68.

6. See also 9 Mertens' Law of Federal Income Taxation § 50.24; 1 Collier on Bankruptcy § 2.22A. See also Monjar v. Higgins, 132 F.2d 990 (2d Cir. 1943); In re Scranton Corp., 235 F.Supp. 770 (M.D.Pa.1964); Comas, Inc. v. Commissioner, 23 T.C. 8 (1954); Missouri Pacific Railroad Co., 30 B.T.A. 587 (1934); Plains Buying and Selling Association, 5 B.T.A. 1147 (1927); Ohio Steel v. United States, 38 F.2d 144, 69 Ct.Cl. 158 (1930).

7. In re Scranton Corp., 235 F.Supp. 770, 774, 775 (M.D.Pa.1964). Cf. Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963); Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

8. It often does.