VALLEY DIE CAST CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; INTERCONTINENTAL INDUSTRIES, INC. AND CONSOLIDATED SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valley Die Cast Corp. v. Commissioner
Docket Nos. 904-73, 6592-74.
United States Tax Court
T.C. Memo 1983-103; 1983 Tax Ct. Memo LEXIS 682; 45 T.C.M. (CCH) 791; T.C.M. (RIA) 83103; February 17, 1983. *682 V and I were consolidated in 1968. The Commissioner determined deficiencies against V for certain preconsolidation years and against I for certain postconsolidation years. Both V and I filed petitions in this Court. Thereafter, V filed a petition in bankruptcy and was adjudicated a bankrupt. The IRS filed a proof of claim in the bankruptcy proceeding including the deficiencies determined against V and I. The IRS claim was allowed in full. The determination of the bankruptcy court was not appealed and has become final. Held, the prior determination of the bankruptcy court effectively disposed of all of the issues in the Tax Court proceeding against V. Therefore, that case will be dismissed. Comas, Inc. v. Commissioner,23 T.C. 8 (1954), followed. Held, further, I is properly before this Court; since the parties have reached a basis of settlement in that case, the Court will enter a decision in accordance with their settlement. Cyril David Kasmir, for the petitioners. Gary A. Benford, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes as follows: Docket No.
Petitioner
Period Ending
Deficiency
904-73
Valley Die Cast Corporation
5/31/65
$132,368.31
5/31/66
25,438.49
5/31/67
74,262.00
1/31/68
149,920.28
6592-74
Intercontinental Industries,
4/1/67 to 7/31/67
886.74
Inc. and Consolidated
7/31/68
483,763.71
Subsidiaries
7/31/69
1,029,192.64
*684 Many of the issues in this case have been settled; but we must now decide what action to take with respect to cross motions for summary judgment in docket No. 904-73 and with respect to the Commissioner's motion for partial summary judgment in docket No. 6592-74. The decision turns on whether this Court has jurisdiction over these dockets.
The petitioner, Valley Die Cast Corporation (Valley Die), was a Michigan corporation with its principal office in Detroit, Mich., at the time it filed its petition in this case. Valley Die filed its Federal corporate income tax returns for the taxable years ended May 31, 1965, May 31, 1966, May 31, 1967, and January 31, 1968, with the District Director of Internal Revenue, Detroit, Mich. The petitioner, Intercontinental Industries, Inc. (Intercontinental), was a Delaware corporation with its principal office in Dallas, Tex., at the time it filed its petition in this case. On February 9, 1968, Intercontinental acquired all of the outstanding stock of Valley Die. For its taxable years ending July 31, 1967, July 31, 1968, and July 31, 1969, Intercontinental filed consolidated Federal corporate income tax returns with the District Director of *685 Internal Revenue, Dallas, Tex. For the taxable years ending after January 31, 1968, such returns included the income of Valley Die. On November 6, 1972, the Commissioner issued his notice of deficiency to Valley Die; and on February 5, 1973, Valley Die filed a petition with this Court (Docket No. 904-73). On May 3, 1974, the Commissioner issued his notice of deficiency to Intercontinental; and on July 31, 1974, Intercontinental filed a petition with this Court (Docket No. 6592-74). On August 1, 1974, a petition in bankruptcy was filed by or against Valley Die in the U.S. District Court for the Eastern District of Michigan, and on July 25, 1975, Valley Die was adjudicated a bankrupt. On November 3, 1975, the Internal Revenue Service filed a proof of claim in the bankruptcy proceeding. Such proof of claim amounted to $1,909,064.11 and included all of the deficiencies determined in both docket No. 904-73 and docket No. 6592-74 together with FUTA, FICA, and withholding taxes of $13,231.94. Valley Die did not contest its liability in the bankruptcy proceeding, and the IRS claim was allowed in full by the trustee. By an order dated January 30, 1979, the court approved the trustee's *686 report and directed him to distribute Valley Die's remaining assets which, at that time, amounted to only $8,099.18. Specifically, the court directed the trustee to pay the IRS a total of $311.46 for withholding and FICA taxes. In June 1979, the estate was closed. The judgment of such court was not appealed and has become final. On July 14, 1982, Valley Die made a timely motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure, wherein it asserts that all of the matters pending before this Court in Docket No. 904-73 have already been determined by the bankruptcy court and are, therefore, not properly before this Court. In opposing such motion, the Commissioner subsequently filed a cross motion for summary judgment, in which he requests that this Court enter a decision against Valley Die for the amounts set forth in the notice of deficiency. The Commissioner has also filed a motion for partial summary judgment in docket No. 6592-74. In such motion, he seeks to establish that all of the issues for the taxable years ended July 31, 1968, and July 31, 1969, were decided in the bankruptcy proceeding and requests that this Court enter a decision *687 for the amounts set forth in the notice of deficiency for such years. On September 7, 1982, at a hearing on such motions, the parties informed this Court that they had reached a basis of settlement for all of the issues in docket No. 6592-74. In their motions, the parties have each requested that this Court rule that the doctrine of res judicata applies to preclude our redetermination of the deficiencies pertaining to Valley Die, since the matters were previoiusly determined in the bankruptcy proceeding.A motion for summary judgment is granted only when it is shown that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). However, in essence, the petitioner is asking us to hold that we lack jurisdiction to consider the deficiencies determined by the Commissioner in docket No. 904-73 since the bankruptcy court has entered a final judgment with respect to the liability of Valley Die for such deficiencies. Since the petitioner's motion goes to the jurisdiction of the Court, we will consider it first. The jurisdiction of this Court is properly invoked upon the timely filing of a petition (sections 6213, 7442, *688 Internal Revenue Code of 1954), and such jurisdiction remains in force until it is either superseded by an authorized action of another court or is terminated by our entry of decision or dismissal. Comas, Inc. v. Commissioner,23 T.C. 8 (1954); see Dorl v. Commissioner,57 T.C. 720 (1972), affd. 507 F. 2d 406 (2d Cir. 1974); Main-Hammond Land Trust v. Commissioner,17 T.C. 942 (1951), affd. 200 F. 2d 308 (6th Cir. 1952). Where the jurisdiction of the Tax Court and another court is concurrent, the applicable rule is that the court first reaching the cause on its calendar may proceed to decide the matter. See Ohio Steel Foundry Co. v. United States,69 Ct. Cl. 158, 38 F. 2d 144, 150 (1930); Fotochrome, Inc. v. Commissioner,57 T.C. 842, 847 (1972); Comas, Inc. v. Commissioner,supra at 10-11; Ellis v. Commissioner,14 T.C. 484, 487 (1950); see generally Camp v. United States,44 F. 2d 126, 129 (4th Cir. 1930). Specifically with respect to bankruptcy matters, where a taxpayer filed a petition in bankruptcy after having *689 filed a petition in this Court, the Tax Court and the bankruptcy court had concurrent jurisdiction to redetermine the deficiencies before the 1978 changes in the bankruptcy law. 11 U.S.C. sec. 362(a)(8), An Act of Nov. 6, 1978, Pub. L. 95-598, 92 Stat. 2570. [1]Fotochrome, Inc. v. Commissioner,supra;Comas, Inc. v. Commissioner,supra;Missouri Pacific Railroad Co. v. Commissioner,30 B.T.A. 587 (1934); Plains Buying and Selling Association v. Commissioner,5 B.T.A. 1147 (1927); accord In Re Fotochrome, Inc.,346 F. Supp. 958 (E.D.N.Y. 1972).Since the bankruptcy proceeding involving the petitioner was commenced before October 1, 1979, the 1978 changes in the bankruptcy law are not applicable in this case. An Act of Nov. 6, 1978, Pub. L. 95-598, sec. 402(a), 92 Stat. 2682. *690 In Comas, Inc. v. Commissioner,supra, we had to decide whether we had jurisdiction to redetermine a deficiency on facts strikingly similar to those in the present case. In Comas, the petitioner had also filed a petition in bankruptcy after filing a petition in the Tax Court. Thereafter, the IRS filed a proof of claim in the bankruptcy proceeding which was allowed in full. As in the present case, the claims against the bankrupt far exceeded the assets available for distribution, and the IRS received but a fraction of the amount allowed by the court. In discussing the effect of the bankruptcy proceeding, the Court observed: "since the judgment of the bankruptcy court has become final, we think such judgment effected a final disposition of all questions before us and rendered the instant proceeding of no avail." 23 T.C. at 11. The Court also considered that the statute specifically established the procedures for collecting any unpaid portion of a claim allowed in bankruptcy. For such reasons, the Court dismissed the case. We find Comas to be controlling with respect to the question of our jurisdiction in docket No. 904-73. The allowance *691 of the proof of claim filed by the IRS with respect to the liability of Valley Die in docket No. 904-73 effected a valid determination of the existence and amount of such claim, and it would serve no useful purpose for this Court to consider such matter anew. Accordingly, we will dismiss the proceeding in docket No. 904-73. In view of that action, we will deny the Commissioner's cross motion for summary judgment in such docket. Since we have concluded that we have no jurisdiction over the matters considered and adjudicated by the bankruptcy court with respect to Valley Die, we will also deny the Commissioner's motion for partial summary judgment in docket No. 6592-74. However, since the bankruptcy proceeding did not concern the tax liability of Intercontinental, we do have jurisdiction to consider the tax liabilities of that company. As the parties have agreed to settle all of the issues in docket No. 6592-74, we will abide by the terms of such settlement. To reflect these conclusions, In docket No. 904-73, an order dismissing the case will be entered.
In docket No. 6592-74, decision will be entered under Rule 155.
Footnotes
1. Under the 1978 changes in the bankruptcy law, the filing of a petition in bankruptcy causes an automatic stay of institution or continuation of a proceeding before the Tax Court concerning the debtor. 11 U.S.C. sec. 362(a)(8), An Act of Nov. 6, 1978, Pub. L. 95-598, 92 Stat. 2570; see also Bankruptcy Tax Act of 1980, Pub. L. 96-589, 94 Stat. 3409. The new law allows the bankruptcy judge to lift the stay and permit the debtor to litigate in the Tax Court. 11 U.S.C. sec. 362(d). If such stay is not lifted by the bankruptcy court, and if it decides the tax liabilities, all parties will be bound by its decision. See Bankruptcy Tax Act of 1980, Pub. L. 96-589, 94 Stat. 3409; sec. 6871, I.R.C. 1954↩.