SAMUEL LEROY BOSTIAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bostian v. Commissioner
Docket No. 30759-88
United States Tax Court
T.C. Memo 1991-589; 1991 Tax Ct. Memo LEXIS 639; 62 T.C.M. (CCH) 1337; T.C.M. (RIA) 91589; December 2, 1991, Filed *639 Samuel Leroy Bostian, pro se. James R. Rich, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM OPINION This matter is before us on respondent's motion for summary judgment under Rule 121. [1]
Respondent determined deficiencies in and additions to tax with respect to petitioner's 1984, 1985, and 1986 Federal income tax as follows: Additions to Tax, Secs.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
1984
$  2,856
$   714
$   143
* *640 $   -- 1985
30,011
7,503
1,501
*
-- 1986
20,811
5,203
-- --
1,041
Additions to Tax, Secs.
Year
6653(a)(1)(B)
6654(a)
6661
1984
--
$   180
$   -- 1985
--
1,720
7,503
1986
**
1,007
5,203
In an amended answer, respondent increased the amount of the deficiency for 1984 to $ 14,680. Petitioner resided in Salisbury, North Carolina, at the time he filed his petition in this case. On April 15, 1987, petitioner filed a voluntary bankruptcy petition for the reorganization of his debts with the United States Bankruptcy Court for the Middle District of North Carolina (Bankruptcy Court). On August 6, 1987, respondent filed a proof of claim and on October 21, 1987, respondent filed an amended proof of claim in petitioner's bankruptcy proceeding on behalf of the United States reflecting respondent's determination of petitioner's Federal income tax liabilities for the years in issue and some of the additions to tax set forth above. On August 12, 1987, petitioner filed with the Bankruptcy Court an objection to respondent's proof of claim, and petitioner also filed a complaint with the Bankruptcy Court for an adversary hearing regarding respondent's proof of *641 claim. On February 4, 1988, the Bankruptcy Court held an adversarial hearing on petitioner's objection to respondent's proof of claim. Testimony by respondent's witnesses was heard, and exhibits were admitted concerning petitioner's Federal income tax liabilities. Petitioner was present at the hearing, but petitioner was not represented by counsel, and petitioner did not question any witnesses. On March 1, 1988, based on the evidence submitted to the Bankruptcy Court at the February 4, 1988, hearing, the Bankruptcy Court entered an order overruling petitioner's objection to respondent's proof of claim and determining petitioner's Federal income tax liabilities for 1977 through 1986. In its order, the Bankruptcy Court concluded with respect to the years in issue herein, as follows: The claim of the United States for income taxes, penalties and interest for the years 1984 through 1986 is allowed in the amounts which were proven during the hearing held before the Court on February 4, 1988. The Court hereby finds that the United States, Internal Revenue Service has proven at the hearing held on February 4, 1988 and accordingly it is found that the income tax liabilities of *642 the debtor, Samuel Leroy Bostian, are as follows, plus interest and other additions thereto according to law:
Year
Income Tax * * *
1984
$ 14,680
1985
$ 30,011
1986
$ 20,811
The March 1, 1988, order of the Bankruptcy Court did not make any other specific findings regarding the additions to tax. On March 3, 1988, the Bankruptcy Court held a hearing on another motion filed by petitioner for entry of a default judgment against the United States. At the conclusion of this hearing, the Bankruptcy Court judge made certain general comments to the effect that he did not believe that petitioner's bankruptcy proceeding was a reorganization case and that the proceeding should be before the Tax Court. By order dated March 16, 1988, however, the Bankruptcy Court simply denied petitioner's motion for default against the United States. On March 14, 1988, petitioner filed with the United States District Court for the Middle District of North Carolina (the District Court) an appeal of the Bankruptcy Court's March 1, 1988, order sustaining respondent's determination of petitioner's Federal income tax liabilities. On June 13, 1988, petitioner filed a motion for voluntary *643 dismissal of this appeal, and on June 21, 1988, petitioner's motion to dismiss was granted. On July 22, 1988, the Bankruptcy Court ordered petitioner to file a plan of reorganization on or before September 12, 1988. Petitioner did not comply with the Bankruptcy Court's July 22, 1988, order, and by order dated September 13, 1988, the Bankruptcy Court dismissed petitioner's bankruptcy proceeding. Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). On the record before us, there appears to be no genuine issue as to any material fact, and respondent argues that summary judgment should be granted on the grounds of res judicata. [2]
The Supreme Court in Commissioner v. Sunnen, 333 U.S. 591, 597, 92 L. Ed. 898, 68 S. Ct. 715 (1948), explained the doctrine of res judicata as one of judicial economy *644 that, in general, prevents parties involved in prior litigation from relitigating a cause of action once a final judgment on the merits of the cause of action is rendered by a court of competent jurisdiction. See also Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681-682 (1988). Petitioner and respondent both were parties in the litigation before the Bankruptcy Court. The Bankruptcy Court had jurisdiction to determine petitioner's Federal income tax liabilities for the years in issue under section 505(a)(1) of the Bankruptcy Code, 11 U.S.C. (1982), and it did so. The Bankruptcy Court order, dated March 1, 1988, allowing respondent's claims and setting out the specific amounts of Federal income taxes owed by petitioner for each year in issue, constituted a final and appealable judgment. In re Saco Local Development Corp., 711 F.2d 441 (1st Cir. 1983); Florida Peach Corp. v. Commissioner, supra at 682-683. Petitioner's appeal to the District Court and the dismissal of the appeal, rendered the decision of the Bankruptcy Court final for essentially all purposes. McQuade v. Commissioner, 84 T.C. 137, 140 (1985). *645 Once the order of the Bankruptcy Court became final with respect to respondent's tax claims, generally neither the amount, nor the validity of the Bankruptcy Court's order is subject to review or reconsideration by this Court, McQuade v. Commissioner, supra at 145; Comas, Inc. v. Commissioner, 23 T.C. 8, 12 (1954). As stated, upon dismissal of petitioner's appeal, the Bankruptcy Court's March 1, 1988, order became a final judgment rendered by a court of competent jurisdiction, and petitioner and respondent are the same parties that were involved in the bankruptcy proceedings. The doctrine of res judicata is controlling, and respondent's motion for summary judgment will be granted. Petitioner makes very general allegations that fraud and perjury were committed by witnesses who testified at the February 4, 1988, hearing in the Bankruptcy Court, and that such allegations of fraud raise material allegations of fact that require a denial of respondent's motion for summary judgment and that, if established, would nullify the finality otherwise given to the March 1, 1988, order of the Bankruptcy Court. Petitioner raises only very general conclusory *646 allegations of fraud and perjury in connection with the bankruptcy proceeding. Such conclusory allegations, without any corroborating evidence of fraud, perjury, or other wrongdoing, do not raise a legitimate question of fact concerning the validity or res judicata effect of the bankruptcy order. Rule 121(d); First Nat. Bank v. Cities Service, 391 U.S. 253, 288-290, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968). Petitioner also argues that the general comments made by the Bankruptcy Court judge at the March 3, 1988, hearing (concerning the nature of the case and the propriety of the case pending before the Bankruptcy Court as distinguished from the Tax Court) indicate that the Bankruptcy Court judge had no intention of rendering a final order as to petitioner's Federal income tax liabilities. We disagree. The Bankruptcy Court clearly had jurisdiction over petitioner's bankruptcy petition, and the Bankruptcy Court continued to issue orders in the case after the March 3, 1988, hearing. Petitioner's bankruptcy case was not dismissed until September 13, 1988, after petitioner failed to comply with the Bankruptcy Court's order of July 22, 1988. Significantly, the Bankruptcy Court did not take any action *647 to vacate its March 1, 1988, order determining petitioner's Federal income tax liabilities for the years in issue. For the reasons stated, respondent's motion for summary judgment will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩
*. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of the rules or regulations.↩
**. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. ↩
2. Respondent concedes all additions to tax if we find that res judicata applies to the Bankruptcy Court judgment.↩