JAMES H. S. ELLIS AND MAXINE FORD ELLIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22376. Promulgated March 27, 1950.

*Charles H. Buckley, Esq.*, for the petitioners.
*R. P. Hertzog, Esq.*, and *Graham Loving, Esq.*, for the respondent.

### OPINION.

HARRON, *Judge*: The Commissioner, under a notice of deficiency dated January 24, 1949, has determined that there is a deficiency in income tax for the year 1945 in the amount of $1,174.93. The petitioners filed a petition in this Court on April 5, 1949, and this proceeding was placed upon the calendar of the Court in New York City for trial on January 23, 1950. The petitioners, by their attorney, made motion, orally, in the first instance, for continuance, pending decision by the United States District Court in an action filed in that court prior to the filing of a petition in the Tax Court. Thereafter, a written motion and an amended motion were filed. The motions were taken under advisement. Our considerations and conclusions are set forth hereinafter.

On April 9, 1947, petitioners filed a claim for refund with the collector for the third district of New York of income tax overpaid for the year 1945 in the amount of $9,819.68. The basis of the claim for refund was a loss claimed to have been sustained by petitioners on the sale of real property which had been converted to rental use in 1942 and sold in 1945. In the amended return for the year 1945, which was attached to the claim for refund, petitioners claimed an ordinary loss on the sale rather than a capital loss as claimed on the original return for 1945.

No refund having been granted and no action having been taken on the claim for refund, petitioners filed a complaint on September 8, 1948, in the United States District Court for the Southern District of New York, against the collector, in which (according to our understanding) they sought to recover the amount claimed in the refund. That action is now known as No. 953, Non-Jury calendar of the United States District Court. However, the action has not yet been placed upon any calendar of the United States District Court for trial.

After September 8, 1948, a jeopardy assessment in the amount of $1,174.93, plus interest, was issued against petitioners for the calendar year 1945. The jeopardy assessment was based primarily upon the Commissioner's revision of the cost basis of the property sold by petitioners in 1945. The basis to petitioners of this property is also the sole question involved in the claim for refund and the suit in the United States District Court.

On January 24, 1949, the Commissioner sent a deficiency notice to petitioners in which he stated that petitioners' income tax liability for the taxable year ended December 31, 1945, disclosed a deficiency in income tax of $1,174.93. The alleged deficiency resulted from respondent's disallowance of a deduction of $250.42 for taxes, and his determination that petitioners had realized a long term capital gain of $533.70 on the sale of real estate, rather than a long term capital loss of $14,346.30, as they had claimed in their income tax return. Petitioners, in their petition in this Court, alleged that the respondent erred in making the latter determination. Petitioners filed a petition in this Court on March 30, 1949, asking for a redetermination of their tax liability for 1945.

In the meantime, the United States intervened in the suit which had been brought by petitioners against the collector in the United States District Court and set up a claim against petitioners for the same taxes which had been made the basis for the jeopardy assessment and the subsequent notice of deficiency.

The proceeding before the Tax Court was set down for hearing in New York City, and notice of the place of hearing was mailed on June 3, 1949. On November 23, 1949, the parties were notified that the proceeding had been placed on the January 23, 1950, calendar.

On January 23, 1950, petitioners' attorney appeared and moved, orally, for a continuance on the ground that petitioners had previously instituted suit for refund of taxes allegedly overpaid in the United States District Court, and that that suit involved the same issues as were present in the instant proceeding. Subsequently, the petitioners filed a written motion and amended motion for continuance. Petitioners, by their motion, have asked that this proceeding, the Tax Court proceeding, be continued *indefinitely*, until the United States District Court has disposed of the proceeding pending upon a non-jury calendar of that court, upon the ground that the latter court had "first acquired jurisdiction of the proceedings."

When notified of a deficiency in his tax, a taxpayer has the option either (1) to petition the Tax Court for a redetermination of his correct tax liability, in which event, he may elect to postpone any further payment of tax, under the alleged tax deficiency, until the Tax Court has decided the proceeding instituted before it; or (2) to pay the tax deficiency and, thereafter, file a claim for refund or credit and, if that is not allowed, to bring an action in a United States District Court or in the United States Court of Claims to recover any alleged overpayment of tax.

Under section 322 (c) of the Internal Revenue Code, choice of the first alternative precludes resort to the second. The reason for this is that when a petition is filed with the Tax Court of the United States there come into being other rights than that of the petitioner who seeks a redetermination of his correct tax liability.

Under section 272 (a) of the code, the institution of proceedings before the Tax Court of the United States suspends collection of the tax by the Commissioner, although he may make a jeopardy assessment in a situation in which he believes that the assessment or collection of a tax deficiency, if a deficiency in tax is found, may be endangered by delay. Also, the statute of limitations on assessment and collection of a tax is interrupted, and the right is given the Commissioner, before trial in the Tax Court, to make claim for an increase in the deficiency. Thus, if a taxpayer has first taken his case to the Tax Court, he can not *thereafter* bring suit in a United States District Court or in the United States Court of Claims for determination of the same issue, either before or after the Tax Court has rendered its decision; no other court has jurisdiction. Sec. 322 (c), I.R.C. See also *Cook* v. *United States*, 108 Fed. (2d) 804; *Elbert* v. *Johnson*, 69 Fed. Supp. 59; affd., 164 Fed. (2d) 421.

However, as in the instant proceeding, where suit for a refund of overpayment of the tax for a taxable year is *first* instituted in a United States District Court or in the United States Court of Claims,

a later appeal to the Tax Court of the United States from a notice of deficiency with respect to the same taxable year does not deprive the first court of jurisdiction. In such a case, both courts have concurrent jurisdiction, and either may proceed with the litigation to judgment. See *Morris Plan Industrial Bank of New York* v. *Commissioner*, 151 Fed. (2d) 976; *Camp* v. *United States*, 44 Fed. (2d) 126; *Ohio Steel Foundry Co.* v. *United States*, 38 Fed. (2d) 144; cf. *Princess Lida* v. *Thompson*, 305 U. S. 456; *Penn Co.* v. *Pennsylvania*, 294 U. S. 189.

The fact that the United States District Court "first acquired jurisdiction" of a proceeding is not sufficient reason for the Tax Court to grant a continuance. The jurisdiction of the Tax Court in this proceeding is concurrent with that of the United States District Court for the Southern District of New York. In *Ohio Steel Foundry Co.* v. *United States, supra*, the court said that when the two courts have concurrent jurisdiction over a cause, "whichever [court] first reaches the case for trial may proceed therewith and determine all questions raised and render a decision thereon."

Rather than have the resolution of the questions raised by the taxpayers' petition to this Court await such time as the similar proceeding is reached on the calendar of the United States District Court for the Southern District of New York, and decision rendered thereon, we believe that this Court, which has already reached this proceeding on its calendar, should proceed to the trial and decision of this proceeding.

Furthermore, the Tax Court was set up by the Congress as a tribunal possessed of special competence in tax matters, and, as such, should not forbear to decide issues properly before it. Cf. *Camp* v. *United States, supra*.

An order will be entered in accordance herewith, denying the petitioners' motion for a continuance of this proceeding.