ESTATE OF THOMAS W. LAMBERT, DECEASED, MILDRED J. LAMBERT, ADMINISTRATRIX, AND MILDRED J. LAMBERT, SURVIVING WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81160. Filed March 20, 1963.

*Fortescue W. Hopkins, Esq.*, for the petitioners.
*Charles R. Hembree, Esq.*, for the respondent.

### OPINION.

SCOTT, *Judge:* The Commissioner, under date of March 25, 1959, issued a notice of deficiency to the estate of Thomas W. Lambert, deceased, Mildred J. Lambert, administratrix, and Mildred J. Lambert, surviving wife, determining deficiencies in income tax liability for the taxable years 1944 through 1948 and the taxable years 1950, 1951, and 1955 in the aggregate amount of $25,114.84 and additions to tax under section 293(b) of the Internal Revenue Code of 1939 for all years other than 1955, and a similar addition to tax under section 6653(b) of the Internal Revenue Code of 1954 for the year 1955 in the aggregate amount of $12,557.43.

Petitioners, on June 22, 1959, filed a petition in this Court assigning error with respect to the determination for each of the years except

that for the year 1955 petitioners did not assign error with respect to a portion of the deficiency determined. On August 19, 1959, respondent filed his answer to the petition, and on September 11, 1959, petitioners filed a reply to respondent's answer.

Under date of September 4, 1959, a document entitled, "Proof of Claim for Internal Revenue Taxes" and headed "In the Matter of: Thomas W. Lambert, Dec'd. Squire, West Virginia—Claim of the United States for Internal Revenue Taxes—To: Rudolph J. Murensky, Commissioner of Accounts, Welch, West Virginia" was signed and subscribed and sworn to by "Nancy Davis, Chief-Special Procedures Section, P.O. Box 950, Parkersburg, West Virginia." This document, which was noted "Received 9/8/59 R. J. Murensky, Com'r in Chancery," set forth that the undersigned officer of the Internal Revenue Service, a duly authorized agent of the United States in this behalf, being duly sworn, deposes and says that Thomas W. Lambert, deceased, is justly and truly indebted to the United States in the sum of $52,051.85 with interest thereon as stated. There followed under the designation, "The said debt is for taxes due under the internal revenue laws of the United States as follows," a list of amounts stated to be income tax "fraud penalty" and interest to September 4, 1959, for each of the years 1944 through 1948 and for the years 1951 and 1955, the amount in each year listed as income tax and "fraud penalty" differing from the amount for the same year determined as a deficiency and addition to the tax in the deficiency notice dated March 29, 1959. Under a column headed "Remarks" the statement "Estimated liability" appeared and a notation with respect to the amount stated as income tax for each year stated "plus additional interest on this amount at 6% per annum from 9/5/59 to date of payment." On the document there appeared certain other printed statements, the final one being "In Bankruptcy Act proceedings see * * *. In other proceedings see Section 3466 of the Revised Statutes (31 U.S.C. 191). Also, attention is invited to Section 3467 (31 U.S.C. 192) with respect to the personal liability of any executor, administrator, or other person who fails to pay the claims of the United States in accordance with their priority."

On December 4, 1959, Rudolph J. Murensky filed with the Circuit Court for the County of McDowell, W. Va., his report in the matter of "Mildred J. Lambert, Administratrix of the Estate of Thomas W. Lambert, Sr., Deceased, and Mildred J. Lambert, Individually, Plaintiff vs. Bank of Pocahontas, A Banking Corporation, et al., Defendants," which report recited that it was completed on November 23, 1959, and notice given to all attorneys of record, as well as the individual parties not represented by attorneys.

In this report, in Exhibit A attached thereto under the title "Claims rejected," the following appears:

1. District Director of Internal Revenue, $52,051.85

This claim was rejected inasmuch as a counter affidavit was filed by a creditor in accordance with the provisions of Code 56–7–6 and a hearing held on November 4, 1959. Inasmuch as no appearance was made at this hearing, the claim was not proven and therefore disallowed.

On December 21, 1959, the Circuit Court for the County of McDowell, W. Va., entered its Order in Chancery, approving the report of commissioner in chancery, R. J. Murensky, filed with the court on December 4, 1959, reciting that there being no exceptions to this report and the court receiving no just ground of exception, the report is in all respects ratified and confirmed. In this order the following appears:

AND IT further appearing from said report that the following claims were disallowed by said Commissioner in Chancery, namely:

District Director of Internal Revenue—$52,051.85

\*      \*      \*      \*      \*      \*      \*

and there being no exception to said report; said report is in this respect confirmed; and IT IS ADJUDGED, ORDERED AND DECREED that said claims be, and they are hereby, disallowed.

On February 21, 1963, petitioner filed in this court a motion to dismiss this case for lack of jurisdiction, averring that the Circuit Court of McDowell County, W. Va., had concurrent jurisdiction with this Court to determine petitioners' tax liabilities; that the Federal income tax liability of petitioners was determined in the circuit court of McDowell County at Welch, W. Va., by the order of that court dated December 21, 1959; and that respondent submitted a claim to the commissioner in chancery for the tax liabilities for the same years involved in the instant case and in so doing accepted the jurisdiction of that court.

The parties have made numerous arguments in support of their respective positions as to the nature of the proceedings in the Circuit Court of McDowell County, W. Va., but none of these arguments is pertinent to the issue here involved unless under the facts of the instant case the Circuit Court of McDowell County did, in fact, have concurrent jurisdiction with this court to pass upon the merits of petitioners' tax liability for the years covered by the claim filed with the commissioner in chancery which are the same, except for the year 1950, as the years involved in this case so that a decision by that court entered prior to one by this Court would oust the jurisdiction of this Court. We think it clear under the facts here involved that the Circuit Court of McDowell County, W. Va., could not, under the Federal statutes, acquire jurisdiction to determine petitioners' correct income tax liability and additions to the tax for the years here involved so as to oust this Court of jurisdiction to make this determination.

Section 272(a) of the Internal Revenue Code of 1939 and section 6213(a) of the Internal Revenue Code of 1954, each, specifically provides that when a notice of deficiency has been mailed to a taxpayer, the taxpayer may file a petition with this Court for a redetermination of the deficiency, and that no assessment of such deficiency and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of the period provided for the filing of a petition with this Court, nor if a petition has been filed with this Court, until the decision of this Court becomes final. No exception is made to the provisions of sections 272(a) of the Internal Revenue Code of 1939 and 6213(a) of the Internal Revenue Code of 1954 in the case of an executor or administrator, but in fact section 312(a) of the Internal Revenue Code of 1939 and section 6903(a) of the Internal Revenue Code of 1954 [1] specifically provide that upon notice to respondent that any person is acting for another in a fiduciary capacity, the fiduciary shall assume the powers, rights, duties, and privileges of such other person.

These statutes, we think, make it clear that once this Court has obtained jurisdiction over the income tax liability of a decedent's estate because of the timely filing of a petition by the duly appointed executor or administrator from a proper notice of deficiency by respondent, no action of respondent can place in any other court such jurisdiction to redetermine such liability for the same years while the case is pending in this Court as to oust the jurisdiction of this Court should decision first be made by such other court. Cf. *Elbert* v. *Johnson*, 164 F. 2d 421 (C.A. 2, 1947), holding that the provisions of section 322(c) of the Internal Revenue Code of 1939 ousts the District Court of jurisdiction to grant recovery of any part of the tax paid for a year which had been placed in issue in a proper petition filed with the Tax Court, and *James H. S. Ellis*, 14 T.C. 484 (1950). See also *Estate of Samuel Want*, 29 T.C. 1223, 1239 (1958), modified in part, reversed in part as to other issues 280 F. 2d 777 (C.A. 2, 1960), holding a decision of a South Carolina court not to be res judicata as to gift and estate taxes where because of a case pending in this Court with respect to such taxes respondent refused to file a claim in the South Carolina State court upon being directed to do so under pain of being barred and foreclosed of all right and claim against the funds of the estate, but expressing no opinion as to whether the State court erred in its

[1] SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person) until notice is given that the fiduciary capacity has terminated.

The provisions of sec. 312(a), I.R.C. 1939, are substantially the same.

conclusion that it had jurisdiction to decide the validity and extent of the deficiencies in Federal gift and estate taxes already at issue in proper proceedings pending in this Court, and *Ross Bowman*, 17 T.C. 681, 685 (1951).

In *Comas, Inc.*, 23 T.C. 8 (1954), relied upon by petitioners, the issue was whether this Court had jurisdiction to determine the liability of petitioner therein as transferee of a transferee for a deficiency in income tax and unpaid income tax of another where a bankruptcy court had adjudicated such liability of that petitioner and determined that it was so liable. The basis of the decision in that case was that the bankruptcy court did have concurrent jurisdiction with this Court to determine the transferee's liability. Attention was directed to section 274(a) of the Internal Revenue Code of 1939, making provision for immediate assessment of any deficiency against a bankrupt despite the provisions of section 272(a) and for the filing with the bankruptcy court of claims for the deficiency so assessed despite the pendency of a case in this Court for redetermination of the deficiency and further providing that any portion of the claim allowed in the bankruptcy proceedings which remained unpaid upon notice and demand from the collector after the termination of such proceeding may be collected by distraint or proceeding in court within 6 years after termination of such proceeding. It is also here noted that section 274 of the Internal Revenue Code of 1939 provides that no petition for redetermination shall be filed with this Court after the adjudication of bankruptcy. There are no provisions with respect to immediate assessment of deficiency upon the appointment of a fiduciary, either because of the death of a taxpayer or for other reasons. In such cases, except for the jeopardy assessment provisions which are not here involved, the same procedures of issuance of a notice of deficiency with right to file a petition to this Court apply.

Petitioners argue that if the Circuit Court of McDowell County had allowed the Government's claim for taxes this Court would lack jurisdiction and the same should be true when the claim was disallowed. Petitioners misconstrue the statutory provisions. Had the Circuit Court of McDowell County directed that the Government's claim be paid, and in accordance with such direction it had been paid, this Court would have jurisdiction under section 322(d) of the Internal Revenue Code of 1939 and section 6512(b) of the Internal Revenue Code of 1954 to determine the overpayment, if any, resulting from such payment.

In view of our holding that the Circuit Court of McDowell County, because of the provisions of Federal statutes, could not acquire such jurisdiction to determine petitioners' correct tax liability after a petition for such a determination had been filed with this Court as to cause its decision to oust this Court of jurisdiction to make such determina-

tion, we need not pass upon the remaining questions raised by the parties which are: (1) Whether the claim filed by the Government with the State commissioner in chancery did constitute a subjection by respondent to the jurisdiction of the State court, (2) whether the statutes of West Virginia conferred on the Circuit Court of McDowell County in chancery jurisdiction to determine the merits of claims as distinguished from the order of their payment, and (3) whether the order of the Circuit Court of McDowell County was such a decision on the merits as to be res judicata if that court had jurisdiction to pass upon the merits of petitioners' Federal tax liability.

The petitioners' motion is hereby denied.

