RICHARD G. BENSBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bensberg v. Commissioner
Docket No. 14659-79.
United States Tax Court
T.C. Memo 1981-687; 1981 Tax Ct. Memo LEXIS 56; 42 T.C.M. (CCH) 1776; T.C.M. (RIA) 81687; November 30, 1981
*56 Held, petitioner's income determined. Heldfurther, additions to tax imposed by respondent sustained. Richard G. Bensberg, pro se. Cynthia J. Olson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 1,304 deficiency in petitioner's 1977 Federal income tax and imposed additions to tax under section 6651(a) [1] and section 6653(a) of $ 201 and $ 65, *57 respectively. The issues for decision are: 1. Whether this Court has jurisdiction to decide this case. 2. Whether respondent correctly determined petitioner's income. 3. Whether petitioner is liable for additions to tax imposed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Richard G. Bensberg resided in Colorado Springs, Colorado, when he filed his petition in this case. Petitioner filed a Form 1040 (U.S. Individual Income Tax Return) for 1977 which did not provide any information regarding his income or expenses for the year. The Form 1040 indicated that petitioner objected to providing any of the requested information, relying on his rights under the Fourth and Fifth Amendments. During 1977, petitioner was employed as a parts clerk for Don's Cycles in Colorado Springs, Colorado, and received compensation therefore of $ 10,384.15. In April 1977, petitioner filed a Form W-4E (Exemption From Withholding) with his employer for 1977. The Form W-4E claimed that petitioner had incurred no Federal income tax liability *58 for 1976 and that he did not anticipate that he would incur any Federal income tax liability for 1977. In the notice of deficiency, respondent determined that petitioner had income of $ 10,384 for 1977 and had failed to file a valid income tax return for that year. [2] Furthermore, respondent determined the deficiency and additions to tax set forth at the outset of this opinion. OPINION Petitioner maintains that this Court lacks jurisdiction to decide the instant case, arguing that the Court is unconstitutional. Although this Court previously denied a motion to dismiss for lack of jurisdiction filed by petitioner, he has continued to argue that we do not have jurisdiction and at trial indicated that he has filed a suit challenging our jurisdiction in the United States District Court for the District of Colorado. We reject petitioner's attempt to deprive us of jurisdiction. When petitioner timely filed his petition herein, this Court acquired jurisdiction and the suit he has since filed in the district court in *59 no way impairs that jurisdiction. Sec. 6213(a); sec. 7422(e); Main-Hammond Land Trust v. Commissioner, 17 T.C. 942 (1951), affd. 200 F. 2d 308 (6th Cir. 1952). See also Estate of Lambert v. Commissioner, 39 T.C. 954 (1963). Furthermore, it is well settled that the jurisdiction conferred upon this Court by Congress is constitutional. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971). We must now determine whether petitioner had income as determined by respondent and is liable for additions to tax under section 6651(a) and section 6653(a). Petitioner has the burden of proving that respondent's determination is incorrect, Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, and he has failed to meet that burden. Neither in his petition nor at trial did petitioner address the merits of respondent's determination of his income or the additions to tax. Instead, petitioner has burdened this Court with a variety of meritless constitutional claims, including assertions that his income is not constitutionally taxable and that placing the burden of *60 proof upon him violates his common law and constitutional rights. On numerous prior occasions, this Court has addressed and rejected arguments such as those made by petitioner herein. See Wilkinson v. Commissioner, 71 T.C. 633 (1979); Hatfield v. Commissioner, 68 T.C. 895 (1977); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion, 559 F. 2d 1207 (3d Cir. 1977); Roberts v. Commissioner, 62 T.C. 834 (1974). Accordingly, since it is clear that petitioner had income from wages, we must sustain respondent's determination of that income. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. It is clear that the Form 1040 filed by petitioner for 1977 did not contain sufficient information to constitute a valid return for purposes of the Internal Revenue Code. It is well established that a document filed as a return will not *61 constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Hatfield v. Commissioner, supra at 898; Cupp v. Commissioner, supra at 79. This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross income and the deductions and credits claimed." Conforte v. Commissioner, 74 T.C. 1160, 1195 (1980). See also Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F. 2d 629 (10th Cir. 1955). In the instant case, the alleged return filed by petitioner for 1977 represents a blanket refusal to supply any information regarding his income and expenses. See Conforte v. Commissioner, supra at 1196. Accordingly, we hold that petitioner failed to timely file a return for 1977. On the basis of the record herein, we must sustain respondent's imposition of additions to tax under section 6651(a) and section 6653(a). In prior years petitioner had filed valid income tax returns, and he has offered *62 no legitimate excuse for his failure to file an adequate return for 1977. Moreover, it appears that petitioner's failure to file a return and his underpayment of taxes for 1977 were solely attributable to his distaste for our system of taxation. Under these circumstances, we must hold for respondent. To reflect the foregong, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. For 1974, 1975, 1976, and several years prior thereto, petitioner had filed income tax returns which respondent had accepted as valid income tax returns.↩